## Muir v. Edelen, et al.

### (Decided December 2, 1913).

### Appeal from Nelson Circuit Court.

1. Bills and Notes.—Under sub-section 59 of the new Negotiable Instruments Acts, Section 3720-b, Kentucky Statutes, when the maker of a note produces proof of fraud inducing its execution, the burden shifts to the holder to show that he is a holder in due course.

2.   Appearance.—In an action governed by Section 79, Civil Code if
     defendant objects to the jurisdiction of the court, he may there-
     after defend on the merits without entering his appearance.

NAT. W. HALSTEAD, JNO. D. WICKLIFFE and OSSO W. STAN-
LEY for appellant.

KELLEY & CHERRY for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Revers-
ing.

The appellant, Joseph Muir, purchased from appel-
lee, Clark Motor Car Company (formerly the Marshall-
Clark Motor Car Company), a Maxwell automobile, at
the price of $1,400.  He executed to said company a
note for $875 which he afterwards paid, and paid the
balance of the purchase price in cash.   Thereafter,
that machine failing to give satisfaction, appellee
company, in accordance with its agreement so to do, took
it back, and gave appellant credit for the purchase price
thereof—$1,400—on a Columbia automobile, which it
then sold to appellant for $2,900, he executing to appel-
lee company for the balance of said purchase price, a
note for $1,500.

This note was by appellee company assigned
and transferred to appellee, R. H. Edelen. He, on
November 22, 1911, brought suit thereon in the
Nelson Circuit Court, against appellant Joseph Muir,
and against appellee company.   Summons on the
petition was served on appellee company in Jef-
ferson County, where its principal office and place of
business was located, it having no agent in Nelson
County, upon whom process could be served.  On No-
vember 30, 1911, appellant filed an answer to said peti-
tion, making same a cross-petition against his co-de-
fendant, appellee company, which was in substance as
follows.

Admitting the execution of the note sued on, he set
forth the transactions resulting in his execution of said
note.  He charged that the execution thereof was ob-
tained by the false representations made to him by the
officers of appellee company in respect to the condition
and efficiency of said Columbia automobile, all of which
representations he charged were false and untrue, the
said automobile failing to conform thereto.  He also
averred that the plaintiff, appellee Edelen, was at the

time of said purchase, and is now, the president of appellee company; that said Edelen knew the defects of said automobile which appellee company sold to appellant; knew of the false representations in respect thereto which were made by the officers of appellee company to appellant, and all the facts and circumstances attending the sale thereof to appellant; and that by reason thereof, the plaintiff, appellee Edelen, was not an innocent holder of the note sued on; that the said note was not endorsed and delivered by appellee company to appellee Edelen for value paid nor before maturity thereof. He prayed for a cancellation of the note sued on; and for judgment against appellee company for the amount paid it, $1,400. There were also a number of other allegations in said answer and cross-petition, not necessary to be here detailed. This answer and cross-petition was filed in the clerk's office without leave of court for the filing thereof, nor for the issual of summons thereon. Summons was issued, however, directed to Jefferson County, and served upon appellee company in that county.

Upon the trial, under the pleadings, appellant assumed the burden of proof; and at the conclusion of his evidence, the court sustained a motion of appellee Edelen to instruct the jury to find a verdict for him, for the amount of the note sued on. Thereupon, appellee company moved the court to instruct the jury to find a verdict for it also; this the court declined to do, but it did sustain a motion of appellee company to dismiss the said cross-petition for want of jurisdiction.

From a judgment entered, in favor of appellee, Edelen, against appellant, Muir, for the amount of the note sued on, and dismissing appellant's cross-petition against appellee company, this appeal is prosecuted.

Appellant's first contention is that the court erred in dismissing his cross-petition against appellee company The question presented by this contention is, whether appellant, Muir, could by service of a summons on said cross-petition, had on appellee company in Jefferson County, confer jurisdiction on the Nelson Circuit Court to render a judgment on said cross-petition against appellee company.

There is no special provision of the Code concerning the service of process on cross-petitions. We conclude, therefore, that a cross-petition should be governed in that respect by the same rules as an original action. If

this cross-petition had been filed in the Nelson Circuit Court as an original action, of course the service of process thereon, had upon appellee company in Jefferson County, would not have given said court jurisdiction therein. Therefore, the service of summons on this cross-petition had upon appellee company in Jefferson County, did not confer upon the Nelson Circuit Court jurisdiction to render a judgment against said appellee company thereon. This cross-petition is against a single defendant, the appellee company. It is, therefore, governed by section 79 of the Civil Code, and service of process thereon must be had in the county where the action was pending. Appellee company had no office or agent in Nelson County and could not in this manner be compelled to go to that county to defend this cross-action.

But it is insisted that any objection which appellee company had to the filing of the cross-petition without leave of court, or to the service of process on it, outside the county where it was brought, was waived by its filing defense to the said cross-petition on its merits.

The record discloses (1) that on May 22nd, appellee company filed an answer denying the jurisdiction of the court by reason of the service had on it in Jefferson County, of summons on said cross-petition; (2) that on May 23rd, appellee company filed a motion to quash the summons and return thereon, because the same was served upon it in Jefferson County, and denying the jurisdiction of the court by reason thereof; (3) that on May 24th, the court overruled said motion to quash the summons and returned thereon, and overruled a general demurrer filed by appellee company on that day, which, however, expressly saved its former pleas to the jurisdiction of the court; (4) on May 25th, appellee company filed a motion to strike from the files the cross-petition filed against it by appellant, in which motion it also expressly saved its former pleas to the jurisdiction of the court; and (5) on the same day it filed an answer to said cross-petition on its merits.

The answer filed by appellee company on May 22nd, and the motion to quash summons and return, filed May 23rd, were both based upon the same expressed ground of objection, that is, that the service of process on said cross-petition, had upon appellee company in Jefferson

County, could not confer on the Nelson Circuit Court jurisdiction to render a judgment against appellee company. Therefore, when the court overruled the motion to quash the summons and return, it passed upon the same objection raised by the answer; and asserted its jurisdiction over appellee company. It was unnecessary thereafter that appellee company should at every step reiterate its objection to the jurisdiction of the court; and after the court had ruled on its objections to the jurisdiction thereof, the filing of an answer on the merits cannot be considered as a waiver of such objections.

Appellant claims, however, that the filing of the general demurrer on May 24th, even though it expressly stated that the former pleas to the jurisdiction of the court were not waived, entered appellee company's appearance to the cross-petition. The general demurrer was filed on the same day on which the motion to quash was overruled; but whether it was filed before or after the overruling of said motion to quash, is not certain. The record shows, however, that the motion to quash and the said demurrer were both overruled by and in the same order. But, be that as it may, we do not think the filing of the general demurrer (expressly saving the former pleas to the jurisdiction of the court) entered appellee company's appearance. Section 79 of the Civil Code, provides that when a transitory action is brought against a single defendant, there shall be no judgment against him unless he reside in the county where the action is brought; or unless he reside in such county when the action is brought, and be summoned elsewhere; or, unless he makes defense to the action *before objecting to the jurisdiction of the court.* Appellee company did object to the jurisdiction of the court before the filing of the general demurrer, both by answer and by motion to quash the summons and return thereon, both of which objections were expressly based on the want of jurisdiction because of the service of the summons on appellee company in Jefferson County. And, having done so, no judgment could be rendered against it on said cross-petition in the Nelson Circuit Court. It follows, therefore, that the said court properly dismissed said cross-petition for want of jurisdiction.

Appellant's second contention is that the court erred in sustaining the motion of appellee, Edelen, to instruct the jury to find a verdict for him against appellant for

the amount of the note sued on. On that motion, appellant was entitled to have all his evidence considered as true, and was entitled to all and every legitimate inference deducible therefrom; and without extended comment upon the evidence, we find that it was amply sufficient to take the case to the jury upon the issue of fraud on the part of appellee company in obtaining the execution of the note seud on; and that was all appellant was compelled to do.

Section 3720b, Kentucky Statutes, sub-section 59, applies here, and it is as follows:

"Every holder is deemed prima facie to be a holder in due course; (a) but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims, acquired the title as a holder in due course."

And, sub-section 55 states when title to a negotiable instrument is "*defective.*"

"The title of a person who negotiates an instrument is defective within the meaning of this act, when he obtained the instrument, or any signature thereto, by fraud, duress, etc."

So, when some proof of fraud, inducing the execution of the note sued on, was introduced by appellant, the burden shifted to appellee, Edelen, to show that he was a holder in due course.

Appellee Edelen, however, argues that the answer fails to allege fraud inducing the execution of the note. It is true that the pleading does not contain the word "fraud," but it is alleged that the representations made by the officers of the company were false, and sets forth a state of facts which, if true, would constitute fraud. The answer charges that they represented the automobile to be a 45-horse power when in fact it was only a 32-horse power; that it was a 1911 model, when it was a 1910 model; that it would climb any of the hills near Bardstown and Louisville "with a standing start, on third or high speed" when it could not climb them in that manner, and many of them it could not climb at all; that the gasoline tank with which it was equipped was of 20 gallons capacity, when in fact it was of only 14 gallons capacity; that the carburetor was of first class make and construction, when in fact it was incapable of performing the work for which it was intended. There were a number of other allegations as

to the representations that were made to appellant by the officers of appellee company in respect to the quality of said car, which appellant alleged were false. The petition alleges that plaintiff as president of said corporation knew all the facts and circumstances of the sale of both the Maxwell car in 1910 and the Columbia in 1911, and knew of the defects in both of said cars; and knew that the note sued on was executed for the balance due on the Columbia car; and knew all the false representations so alleged to have been made by the officers and agents of appellee company in regard to said car. While the pleading does not in express terms allege that the note was obtained by *fraud*, it does allege in substance that it was obtained by these false representations, which were known to be false when made. And if such representations were made to appellant to induce him to purchase said car and execute the note sued on, and were false and known to be false by the officers and agents of appellee company when so made, this was a fraud; and the pleading was sufficient to charge fraud, without the use of the word "fraud" therein. Pryse v. McGuire, 81 Ky., 608.

The lower court, therefore, erred in sustaining the motion of appellee Edelen to instruct the jury to find a verdict for him; and because thereof, the judgment is reversed as to appellee Edelen and affirmed as to appellee Clark Motor Car Company, and the cause remanded for proceedings consistent with the views herein expressed.