## Harrison v. Ford.

(Decided April 21, 1914.)

### Appeal from Nelson Circuit Court.

1. Appeal—Record—Bill of Exceptions—Contents—Depositions.— Where the bill of exceptions shows that a certain deposition taken and filed in the case, was read to the jury upon the trial, and shows the rulings of the court upon whatever exceptions were interposed, it is unnecessary that the deposition be copied in full in the bill of exceptions.

2. Bills and Notes—Action—Evidence.—Evidence examined and held sufficient to authorize the submission of the case to the jury upon the issue as to whether plaintiff was a holder in due course of the instrument sued on.

3. Depositions—Exceptions To.—Exceptions to depositions must specify the ground of objection thereto.

C. T. ATKINSON for appellant.

KELLEY & CHERRY for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On October 18, 1910, the Puritan Manufacturing Company of Iowa City, Iowa, sold to R. M. Ford, a merchant of New Haven, Kentucky, a quantity of jewelry and a popularity contest outfit, for which Ford executed to the company his note in the sum of five hundred dollars, payable in installments of one hundred and twenty-five dollars, due in three, four, six and eight months respectively from the date thereof. Ford paid the first one hundred and twenty-five dollars, but declined to pay the balance, whereupon C. W. Harrison, of Iowa

City, Iowa, instituted this action against him in the Nelson Circuit Court to recover the balance due on said note, claiming to be the owner thereof by assignment from the company to him on January 17, 1911, the day before the first installment became due.

Ford defended upon the ground that the execution of the note was induced by fraud upon the part of the Puritan Manufacturing Company and that the plaintiff was not a holder in due course.

The jury found a verdict for the defendant; and plaintiff appeals.

Sub-section 59 of the Negotiable Instruments Law, section 3720-b, Kentucky Statutes, provides that "every holder is deemed *prima facie* to be a holder in due course; (a) but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims, acquired the title as a holder in due course." And, subsection 55 of the Act states that "the title of a person who negotiates an instrument is defective within the meaning of this Act when he obtained the instrument or any signature thereto, by fraud, duress or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

Sub-section 52 of the Negotiable Instruments Act defines a holder in due course to be one "who has taken the instrument under the following conditions; (1) that the instrument is complete and regular upon its face; (2) that he became the holder of it before it was overdue; (3) that he took it in good faith and for value; (4) that at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title of any person negotiating it."

The plaintiff testified that he is 50 years of age; resides in Iowa City; that he is a public accountant, and has done some professional work for the Puritan Manufacturing Company, but knew very little about its business; that the note sued on was assigned to him on January 17, 1911, together with other notes, aggregating in value the sum of one thousand two hundred and eighty-nine dollars; that he paid therefor the sum of one thousand dollars in cash; that at the time he purchased the note sued on, he had no notice, knowledge or information

of any contract between the Puritan Manufacturing Company and the maker of the note, that he immediately delivered said note for collection, to the Johnson County Savings Bank; that when the first one hundred and twenty-five dollars was paid on the note by Ford, that sum was credited to Harrison's account in said bank; and that the bank delivered said note to an attorney named Otto.

Otto testified that he received the note sued on from the Johnson County Savings Bank on March 24, 1911; that it was in his control until May 1, 1912, when it was delivered to other attorneys to be forwarded to Kentucky for collection; that during the time he had it, he delivered it on January 24, 1912 to an adjuster, named C. H. Dayton, with instructions to call upon Mr. Ford in person and make demand on Mr. Ford for payment; and that Dayton afterwards returned it to him.

Defendant, Ford, testified that on February 26 or 27, 1911, a man came to his place, and representing himself to be an agent of the Puritan Manufacturing Company, showed him the note sued on, and offered to deliver it to him if he would pay the sum of one hundred and fifty dollars and return the jewelry on hand to the Puritan Manufacturing Company; and that he declined to settle on these terms. Ford further says that the man then told him he was going over to Shepherdsville and Elizabethtown, where he had similar notes to collect; and that four or five days thereafter, the man called Ford over the telephone and told him that settlement had been effected of the matters over there, and that if Ford would agree to the proposition theretofore made by him, he would return there and close the matter up, which Ford again declined to do.

There is in the record absolutely no contradiction of Ford's testimony in respect to the proposition made to him by this agent. True, Otto testified that this man was his representative; but the testimony that this man offered to take one hundred and fifty dollars and a return of the unsold jewelry to the Puritan Manufacturing Company and surrender up the note, is uncontradicted; and this is some evidence that the owner of the note was not a stranger to the Puritan Manufacturing Company, for Harrison certainly would have had no interest in obtaining a return of the unsold jewelry to the Puritan Manufacturing Company if he was a pur-

chaser in good faith and a holder in due course of the note sued on; nor is it probable that he would have been willing to accept one hundred and fifty dollars for the note had it in fact belonged to him. This circumstance, coupled with the fact of the admitted employment of Harrison by the Puritan Manufacturing Company, together with the circumstance that the note claimed to have been asssigned by the company to Harrison was assigned in blank and on the day before the first installment became due, was sufficient to take the case to the jury upon the issue as to whether Harrison was a holder in due course; and there being sufficient evidence to support the verdict, this court will not set it aside.

2. It is insisted by appellee that the depositions which constituted all the evidence in the case, cannot be considered by this court because not fully set out in the bill of exceptions.

The bill of exceptions recites that "plaintiff introduced as evidence the depositions of C. W. Harrison and Ralph Otto and same with exhibits, including answers to interrogatories filed with reply, and the note sued on, were read to the jury and plaintiff rested. Defendant introduced as evidence the deposition and exhibits of R. M. Ford, and his deposition and all exhibits were read to the jury and defendant rested. The above was all the evidence heard on the trial, and the exceptions filed by either party were overruled, to which they severally excepted, and the entire depositions were read."

In support of his contention in this respect, appellee cites the cases of Louisville & Nashville R. R. Co. v. Finley, 86 Ky., 297; Young's Admr. v. L. C. & L. R. Co., 7 R., 165; Louisville & Nashville R. R. Co. v. Whitehead's Admr., 24 R., 2317, 73 S. W., 1128; New York Life Ins. Co. v. Brown's Admr., 23 R., 2072, 66 S. W., 613. These cases, however, are either distinguished or overruled by the case of Postal-Telegraph Cable Company v. Louisville Cotton Oil Company, 136 Ky., 843, 122 S. W., 852, in which the authorities are collected and the question fully considered. Where the bill of exceptions shows that a certain deposition taken and filed in the case, was read to the jury, and shows the rulings of the court upon whatever exceptions were interposed, it is unnecessary that the deposition be copied in full in the bill of exceptions.

3. Appellant also insists that the lower court erred in overruling the exceptions to the deposition of appellee. The exceptions filed by appellant to this deposition contain the following language: "Plaintiff excepts to all questions and answers in the deposition of R. M. Ford (defendant) seeking to establish a defense against his assignor, The Puritan Manufacturing Company."

The exceptions fail to specify the grounds of objection as required by Section 586, Civil Code, and were therefore properly overruled.

4. Appellant's remaining ground for a reversal of the judgment appealed from is that the court erred in instructing the jury.

The instructions complained of in substance required the jury to find for the defendant if they believed from the evidence that the note sued on was obtained by fraud and that plaintiff, before he purchased it, knew of such fraud or had such knowledge of the facts concerning the execution of same that his taking of same amounted to bad faith; and further that the note was subject to the printed contract to which it was attached when executed, and which was read in evidence and that by its terms, said Puritan Manufacturing Company agreed to accept a return of the jewelry unsold by defendant sufficient to make up the difference between the amount of jewelry disposed of and five hundred dollars, the purchase price; and that if they believed from the evidence that the defendant had on hand unsold, any part of said jewelry, which he was willing to return, they should find for defendant the amount of such jewelry on hand, at the invoice price, not, however to exceed the balance of the note; unless they should believe that plaintiff was a holder in due course of said note.

These instructions, we think, substantially presented the law of the case.

Judgment affirmed.