## Cumberland Bank & Trust Co. et al. v. Buchanan et al. (two cases).

June 2, 1942.

Russell Vanover for appellants.

Steele & Vanover for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER —Affirming.

The first of appellant's petitions, which were dismissed in the judgment appealed from, alleged the Clintwood Bank, Incorporated, of Virginia, obtained judgment against appellee in the Dickenson Circuit Court of the state of Virginia in the sum of $1,000, which judgment was assigned to the Cumberland Bank & Trust Company, of Virginia, as receiver for the Dickenson County Bank. It asked that its judgment be enforced by a sale of appellee's property in Pike County, Kentucky, for which an attachment issued herein.

The second petition was a suit by appellant upon a note in the sum of $600, executed and delivered by appellee to the Clintwood Bank. It alleged the Clintwood Bank assigned the note to the Dickenson County Bank and that plaintiff, as receiver of the latter, was the holder and entitled to the proceeds of the note. It asked for judgment against appellee and that collection of the judgment be enforced by a sale of the land attached in the first case. The actions were consolidated for trial.

Appellee by answer denied each and every allegation of the petition. Appellant filed the original $1,000 note and a certified copy of the alleged judgment thereon; filed the original note evidencing the $600 debt; and, in addition thereto, filed with the pleadings a certified

order of the Dickenson Circuit Court appointing appellant receiver of the Dickenson County Bank, and a typewritten document purporting to be a copy of the minutes of a stockholders' meeting of the Clintwood Bank assigning certain debts to the Dickenson County Bank. This exhibit contained no certificate of authentication. All of these exhibits were filed with the pleadings and none of them were otherwise introduced in evidence, nor was any other evidence taken or submitted to the court.

The court was of opinion the plaintiff failed to establish as a fact the controverted allegation that the judgment and note sued on had been assigned to it by the Clintwood Bank, the original owner of the obligations. Appellant Bank argues four points in support of the contention that it proved the judgment and note were assigned to it by the Clintwood Bank.

It relies first on the exhibit which purports to be a copy of the minutes of a stockholders' meeting of the Clintwood Bank. Brushing aside the question of its competency, the exhibit is devoid of any proof of the alleged assignments. The language pointed to and quoted in counsel's brief is:

"The Clintwood Bank and * * in consideration of the Dickenson County Bank, Inc. taking over the Clintwood Bank, Inc. and keeping said latter bank from going into the hands of a receiver (agrees) to execute to the Dickenson County Bank Incorporated a note in the sum of $89,078.54, which note is to have pledged with it as collateral security all notes owned by the Clintwood Bank, Incorporated, other than the notes aggregating $46,114.53 as aforesaid, and set out in 'Exhibit A', and all other assets of the said Clintwood Bank, Incorporated, not here agreed to be taken over by the Dickenson County Bank, Incorporated."

"Exhibit A" referred to in the quoted sentence was not incorporated in the exhibit nor does it or its contents appear elsewhere in the record. The minutes, if such they were, show an intention to assign to appellant all assets of the bank except those aggregating $46,114.53 set out in Exhibit A. Since the assets sued on may have been a part of the assets excepted from the assignment, the minutes, if competent, are of no value as evidence of the alleged assignment.

The next exhibit relied on is a purported assignment on the certified copy of the judgment itself. It is in the following language:

"For value received this judgment is assigned to Cumberland Bank & Trust Co. receiver for Dickenson County Bank Inc. by W. H. McCoy President."
The quoted words fail to show the assignment to have been made by the Clintwood Bank; fail to show what corporation, organization, society, club, or team W. H. McCoy is president of; but, if it could be presumed that he was at the time of the purported assignment the president of the Clintwood Bank and acting as such, there is an utter lack of proof that he had the authority to make the assignment.

It is next argued that appellee admitted the debts in her answer and in a letter to the warning order attorney. Before submission the answer was amended by leave of court. The answer as amended was the pleading in the record submitted to the court for judgment. In its amended form it alleged the judgment was void. Such an allegation is not an admission that a valid judgment exists. The warning order attorney filed with his report a letter from appellee in the following words and figures:

"I have your letter of the 25th advising that the Cumberland Bank & Trust Company had filed a suit in the Pike Circuit Court seeking to sell my land to recover on a $600 note. This matter has been in litigation heretofore and I have a defense to this suit.
"Yours very truly,
"Grace Buchanan."

If this letter could be read in evidence, we fail to see that appellee's statement that the matter has been in litigation heretofore is an admission that judgment was obtained against her in such litigation, and, certainly it could not be construed to be an admission that the presumptive judgment had been assigned to the plaintiff, especially since she followed that statement with the assertion that she had a defense to this suit.

Finally it is argued that the filing of the original notes, i. e. the $600 note sued on and the $1,000 note supporting the alleged judgment, is proof of the assignment to appellant, under the rule that a holder of a negotiable instrument is presumed to hold it in due course.

In support of this contention appellant cites Arnett v. Pinson, 108 S. W. 852, 33 Ky. Law Rep. 36; Campbell v. Fourth Nat. Bank, 137 Ky. 555, 126 S. W. 114; Asbury v. Taube, 151 Ky. 142, 151 S. W. 372; Muir v. Edelen, 156 Ky. 212, 160 S. W. 1048; Harrison v. Ford, 158 Ky. 467, 165 S. W. 663, and Barnard v. Napier et al., 167 Ky. 824, 181 S. W. 624. We have often invoked the rule and would do so here if it were applicable. The difficulty encountered is that the rule assumes the existence of the fact which appellant seeks to prove by invoking the rule, viz., that it is the holder of the instrument sued on.

> "The holder of a bill of exchange is the person who is legally in the possession of it, either by indorsement or delivery, or both, and entitled to receive payment either from the drawee or acceptor, and is considered as a assignee." 1 Bouv. Law Dict.

Section 51 of the Negotiable Instruments Act, Kentucky Statutes, Section 3720b-51, gives the holder the right to sue in his own name. But the instrument must show on its face or plaintiff must prove that he is the payee or the transferee where, as here, there is a named payee. The cited cases do not hold otherwise. No rule will admit one other than a named payee to obtain the benefit of an obligation unless he establish the fact that he, not the payee, is entitled thereto. Such a fact cannot be established or presumed from mere possession of the instrument.

If a litigant has a cause of action which is denied by pleading, he must prove his case in accordance with the rules adopted in the long practice of law. This, appellant has failed to do.

Wherefore the judgment is affirmed.