Case 93.—ACTION BY W. A. USHER AGAINST W. T. & J. R. WILKINS ON A NOTE.—Nov. 8.

## Wilkins, &c v. Usher.

Appeal from Graves Circuit Court.

R. J. Bugg, Circuit Judge.

Judgment for Plaintiff. Defendants appeal. Affirmed.

1. Bills and Notes—Holder in Due ,Course—Statutes—A maker of a note had ample opportunity to read it before signing, though he was deceived as to the purpose for which it was wanted. The payee indorsed it before maturity to a third person as collateral security. Held, that the third person accepting the note without knowledge of its infirmity was within Ky. Statutes, Acts 1904, page 226, c. 102, Sec. 59, providing that every holder is deemed prima facie a holder in due course.

2. Same—Holder for Value—Under Acts 1904, page 220, C. 102,

Sec. 25, providing that an antecedent debt constitutes a value and is deemed such whether the instrument is payable on demand or at a future time, a person taking a note from the payee as collateral security for an antecedent debt is a holder for value to the extent of his lien.

3. Same—Purchase Before Maturity—A note dated September 21st was made payable one day after date. One purchased the note on the day after its date. Held, that, as the note was not overdue at any time on the day after its date, the purchaser was a holder within Acts 1904, page 224, c. 102, Sec. 52, providing that purchaser of a note before it is overdue is a holder for value.

4. Trial—Instructions—Applicability to Evidence—It is not error to refuse an instruction in the absence of evidence on which to predicate it.

D. G. PARK for appellant.

QUESTIONS INVOLVED AND AUTHORITIES CITED.

The sole question involved in this case, is whether or not the note sued on is subject to the defense, or set-off, or counterclaim, in the answer alleged.

This involves the subordinate questions:

First—Is the note, as executed, subject to our new Negotiable Instrument Law?

Second—If so, does such law properly construed, cut off the matters of defense so alleged?

Third—Did the Court properly construe, in its instruction, such new law?

It is true appellee in his reply alleged "that the defendants executed the writing with the full knowledge, and understanding, and consent that Usher was to take it as collateral security; and since it was transferred as such security to the plaintiff, the defendants have agreed and promised to pay him the full amount thereof, with interest;" but this allegation is specifically denied in the rejoinder.

There was no evidence introduced to sustain it, and no instruction was offered or given upon this point. (13 B. Mon., [314], 390; Gano v. Finnell, 103 Ky., 390.)

1. On assuming appellee a holder for value; (Negotiable Instrument Law, Sec. 25, 26, 27, 1 Met, 628, 631, 632, 633, 634; Lee v. Snead, 2 Met, 534, 535, 536, 537, 538; Alexander v. Springfield Bank, 3 Bush, 101, 102; May v. Quinly & Co., 78 Ky., 335; Greenwall v. Haydon.)

2. And "before maturity." (Negotiable Instrument Law, Secs.

12, 85, 86, 88, 11 Gray Mass., 38; Pine v. Smith, 3 Gaines, N. Y. Com. Law, 279, 286; Baker v. Arnold, 8 Cowen, N. Y. Com. Law, 669, 688; Powell v. Waters, 2 Am. & Eng. Ency. of Law, 1 Ed.; 320 and note 9, 40 L. R. A., 248, 249; Haug v. Riley, Norton on Bills and Notes, 2 Ed., 199, 201, 202, 304, 305, 306, 307; Wade on Law of Notice, 2 Ed., Sec. 92a; Liedeman on Commercial Paper, Sec. 295, 35 Am. Dec., 345, 355.)

3. On Burden of Proof. (Norton on Bills, 2 Ed., 130, 131; Negotiable Instrument Law, Secs. 59, 103 Ky., 590, 591; David v. Bank, 4 Am. & Eng. Ency. of Law, (2 Ed., 321, 322, 323.)

4. On Defenses Available to Prior Parties. (Negotiable Instrument Law, Secs. 55, 57, 58, Ky. Statutes, Secs. 474, 108 Ky., 483, 436, 487, 488, 489, 490, 491, 492; Richie v. Cralle, 26 R., 319, 90 Ky., 225, 226.)

5. On Notice. (Negotiable Instrument Law, Secs. 52, Sub-Secs. 53, 54, 56, Norton on Bills, 306; Wade on the Law of Notice, Sec. 92a.)

6. Fraudulent Procurement of the Writing (Norton on Bills, 206, 252, 253, 4 Am. & Eng. Ency. of Law, [2 Ed.], 326, 327, 11 Am. S. R., 319, note, 109 Ky., 222, 228; Bank of Commerce v. Halderman, 74 N. E., 1086; Home National Bank v. Hill.)

ROBBINS & THOMAS and W. J. WEBB for appellee.

QUESTIONS MADE AND AUTHORITIES RELIED UPON.

The appellant cannot rely upon defense in his favor and against the holder of the note unless the appellee, holder of the note, had notice of such defense at the time of the transfer thereof to him.
Negotiable Instrument Law, section 27, 52, 56, 57.

OPINION BY CHIEF JUSTICE HOBSON—Affirmed.

On August 15, 1904, there were judgments in the Graves circuit court against J. A. Tilley for fines amounting with costs to $430. Tilley had $300 in cash, but wished to replevy the judgments. W. T. and J. R. Wilkins wished to borrow $300 for a short time, and it was arranged between them and Tilley that they would sign the replevin bonds as Tilley's sureties, and hold the $300 until the bonds were due; that then they were to pay the $300 on the bonds, and Tilley would pay the remainder. Tilley paid over the $300 to them

under this agreement, and they signed the bonds, but they executed no writing to Tilley to show for the $300. On September 21, 1904, Tilley being in debt to W. A. Usher in three notes for $600 each, and, being pressed by Usher for the money agreed to give him a mortgage on his house. He also owed A. L. Brand $117. Tilley was then under the impression that he held a note on W. T. and J. R. Wilkins for the $300. It was agreed between Usher, Brand, and Tilley that, if Tilley would assign to Usher the $300 note which he said he had on W. T. and J. R. Wilkins, Usher would pay Brand the $117, and would hold the note to secure this money, as well as his note for $600. When Tilley went to look for the note he found that he did not have any. Brand, on the next morning, went to the mill of W. T. and J. R. Wilkins and got them to sign a note to Tilley for the $300, which he thereupon brought back to Tilley, Tilley assigned it to Usher, Usher paid Brand the $117, and notified Wilkins brothers that he held the note. Usher's mortgage on the house proved of no value, and he brought this suit against W. T. and J. R. Wilkins on the $300 note. The jury to whom the case was submitted found for him, and they appeal.

The proof for the defendants showed that they had paid off the judgments which they had replevied as Tilley's sureties, and that Tilley was insolvent, so that they are already out $430, and will have no security if they have the note to pay. The proof for them also showed that Brand got them to sign the note by telling them that Tilley was sick, and he only wanted the note to show for the money in case of death, when the fact was that Tilley was not sick at all, and Brand concealed from them the purpose for which the note was obtained, but Usher knew nothing of this, and took the note in good faith when it was brought to him. The note referred to is in

these words: "One day after date we promise to pay to the order of J. A. Tilley the sum of three hundred dollars ($300.00) for value received. This note is given in lieu of and to take the place of a duebill for above amount, $300.00, executed by us on or about August 15, 1904, in favor of said Tilley, which duebill has been either lost or misplaced by said Tilley, and this is to be a receipt against same. This September 21, 1904. W. T. Wilkins, J. R. Wilkins." The court, at the conclusion of the evidence, instructed the jury as follows: "The court instructs the jury to find for plaintiff the sum of $300, unless they shall believe from the evidence that plaintiff, W. A. Usher, knew at the time he accepted the note sued on as collateral security that said note or the duebill it purported to be evidence of, was executed for money furnished by J. A. Tilley to the defendants Wilkins brothers to go on his replevin bond, under agreement that said sum of money was to be used by them to pay on said replevin bond, and that they have so used said money, in which event the law is for defendants, and you should so find. Or, unless the jury shall believe from the evidence that, at the time the writing sued on was executed by defendants Wilkins brothers, A. L. Brand, who presented said note for their signature, fraudulently concealed from the defendants the real nature of the writing sued on, and that defendants were thereby deceived and induced to sign said writing—if you believe this latter proposition, the law is for the defendants, and you should so find."

The act regulating negotiable instruments, approved March 24, 1904 (Acts 1904 p. 213 c. 102), contains, among others, these provisions:

"Sec. 25. Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes a value, and is deemed such, whether the instrument is payable on demand or at a future time.

"Sec. 26.   Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time.

"Sec. 27.   Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

"Sec. 52.   A holder in due course is a holder who has taken the instrument under the following conditions:   (1) That the instrument is complete and regular upon its face.   (2) That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact.   (3) That he took it in good faith and for value.   (4) That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

"Sec. 56.   To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith.

"Sec. 57.   A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

"Sec. 59.   Every holder is deemed prima facie to be a holder in due course."

The evidence does not warrant the conclusion that the Wilkins brothers did not know the real nature of the writing when they signed it.   They were deceived as to the purpose for which the writing was

wanted, but they both saw the note before they signed it, and had ample opportunity to read it. The instruction of the court in directing the jury to find for the plaintiff unless Usher, at the time he accepted the note as collateral security, knew of the infirmity of the paper follows section 59 of the act which provides that every holder is deemed prima facie to be a holder in due course. Although Usher took the note as collateral security for an antecedent debt, he was, under section 25, a holder for value to the extent of his lien. The note was dated September21 st. It was payable one day after date, or September 22d, but it was not overdue at any time on the 22d. Section 52 provides, among other things that the purchaser of a note before it is overdue may be a holder for value. Usher's purchase was made before the note was overdue. The instrument was complete and regular on its face, and he had no notice at the time of any infirmity in it. The instruction of the court was therefore proper under the statute.

The defendants asked the court to instruct the jury that, if Brand acted for Usher in procuring the note from Wilkins brothers, and had notice of the agreement between them and Tilley, they should find for them. The court properly refused to give this instruction, for there was nothing in the evidence to show that Brand had any authority from Usher to act for him in any way with the Wilkins brothers. So far as the proof shows, Usher had no notice of Brand's visit to them at all, and was in no way connected with it. Brand evidently acted in this matter on his own behalf to secure his own debt of $117.

Judgment affirmed.