## OGLE v. ARMSTRONG *et al.*

No. 5531.  Opinion Filed November 9, 1915.

Rehearing Denied January 11, 1916.

(153 Pac. 1139.)

1.  **BILLS AND NOTES—Transfer—"Holder for Value"—Consideration—Pre-existing Debt.**  Where the purchase of a promissory note is made in consideration that the buyer of such note credit the purchase price of same on an existing indebtedness owing by the seller to the buyer of such note, such purchaser is a "holder for value."

2.  **SAME—Instructions—**An instruction that "if the note in question was obtained by plaintiff by giving credit on a debt due from the assignee of said note to the plaintiff, then it would not be a valuable consideration," is in direct violation of section 4075, Rev. Laws 1910, and reversible error.

(Syllabus by Collier, C.)

*Error from District Court, Love County;*
*S. H. Russell, Judge.*

Action by J. W. Ogle against J. W. Armstrong and others.  Judgment for defendants, and plaintiff brings error.  Reversed and remanded.

*H. A. Stanley*, for plaintiff in error.

*F. E. Kennamer, Chas. A. Coakley*, and *Eddleman & Graham*, for defendants in error.

Opinion by COLLIER, C.  This is an. action to recover on two nonnegotiable promissory notes, each for the sum of $900, interest and attorney's fees, given to Singmaster Bros. by J. W. Armstrong and others for the balance of the purchase price of a German coach stallion. The Singmaster Bros. indorsed said notes to Albert McKinstry, and said McKinstry indorsed them to plaintiff in error.  Plaintiff in error alleges that he is the owner and holder of said notes for value, and that no part of same has been paid, and prays judgment for the principal. interest, and attorney's fees.  The answer of defendants was duly verified, and admitted the execution of the notes, but denied that same had been assigned to plaintiff, and set forth that said notes were given as part of the purchase price of said stallion, and. that there was a breach of warranty of said stallion.  Therefore they allege that there was a failure of consideration, and pray a cancellation of said notes, and for costs.  The uncontradicted evidence was that McKinstry was indebted to plaintiff by mortgage in the sum of $4,000, and that plaintiff acquired said notes by giving said McKinstry a credit upon said mortgage indebtedness in about the sum of $1,600.  Evidence was also introduced, tending to support the contention of defendants, that there had been a breach of the warranty of the stallion, and consequently a failure of consideration.  Upon conclusion of the evidence, among other instructions, the court instructed the jury as follows:

"In this connection, you are instructed that if you believe from the evidence that the plaintiff obtained the notes in question by giving credit on · a debt due from McKinstry to him, then in such case it would not be a valuable consideration, and he would not be, as the law terms, an innocent purchaser."

There was a trial to a jury, resulting in a verdict for defendants. Motion for new trial was filed, which motion was overruled and exceptions thereto saved. Judgment was entered against plaintiff for costs, to which plaintiff duly excepted. To reverse said judgment this appeal is prosecuted.

We are unwilling to say that said instruction did not impress the jury, declaring, as it does, that by giving credit on a debt due him by McKinstry plaintiff did not acquire title to the notes sued upon. The force of this instruction is emphasized by the statement in plaintiff's brief, which is not denied in defendants' brief, that defendants' attorney argued to the jury "that if plaintiff obtained the notes in question by giving credit on a debt due from McKinstry to plaintiff, it would be without consideration, and that therefore plaintiff did not own the notes in question and had no legal right to sue." The same argument is repeated in defendants' brief. In effect, the instruction was that crediting an existing indebtedness did not constitute "for value," which is not in accord with the definition of what constitutes value, as defined by section 4075, Rev. Laws 1910. Said section reads:

"Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value, and is deemed such whether the instrument is payable on demand or at a future time."

It therefore clearly appears that the giving of said instruction, especially in view of the fact that defendants denied in their duly verified answer that the notes sued upon were transferred to plaintiff, was prejudicial error.

There are several other errors assigned, but from the view we herein express we deed it unnecessary to consider them.

For the error pointed out, this cause should be reversed and remanded, with instructions to grant a new trial.

By the Court:   It is so ordered.