W. BENT WILSON ET AL., TRADING AS WILSON & ADAMS, v. DAVID J. LEWIS ET ALS.

(Filed 10 November, 1915.)

**1. Bills and Notes—Negotiable Instrument—Holders—Fraud in Procurement —Burden of Proof.**

> Where fraud in the procurement of a note has been shown in an action brought by one claiming to be a holder in due course, the burden of proof is on the plaintiff to show that he acquired the paper before maturity, in good faith for value, without notice of any infirmity or defect in the title of the person negotiating it, and upon his failure to do so it sets aside the contract in its entirety, including, in this case, a stipulation that the maker will return the stallion for which the note was given, if not as warranted, and receive another of equal value. *Robinson v. Huffstetler*, 165 N. C., 464, cited and distinguished.

**2. Same—Trials—Issues.**

> Where a note given for a stallion is sent on by one claiming as holder in due course and the jury has rendered a verdict upon which the note was invalidated for fraud, an issue as to the indebtedness of the defendant for the horse does not arise.

APPEAL by plaintiff from *Allen, J.,* at the November Term, 1914, of COLUMBUS.

Action upon three notes, aggregating $3,000, given for the purchase of a German coach stallion. The notes were executed to J. Crouch & Son, and indorsed by them to the plaintiffs, who claim to be purchasers for value before maturity. The defendants allege that the notes were procured by fraud, and that the plaintiffs took the notes with notice.

There was a verdict and judgment in favor of the defendants and the plaintiffs appealed.

*Schulken, Toon & Schulken for plaintiffs.*
*McLean, Varser & McLean and Homer L. Lyon for defendants.*

ALLEN, J. We find no error in the exceptions relied on by the plaintiffs, which we have carefully examined, and as the legal principles involved have been so recently considered in the various appeals from judgments in actions to recover on notes for the purchase price of stallions it is unncessary to further discuss them.

The evidence excepted to was competent and material on the issue of fraud, and when fraud was established it had the effect of casting the burden on the plaintiffs, as holders of the notes, of showing that they acquired them (1) before maturity, (2) in good faith for value, (3) without notice of any infirmity or defect in the title of the person negotiating them (*Bank v. Fountain*, 148 N. C., 590), and it also set aside the contract in its entirety, including the stipulation to return the horse, proved to be practically worthless, and to receive another of "equal value" to the one represented.

In cases like *Manufacturing Co. v. Lumber Co.,* 159 N. C., 510, and *Robinson v. Huffstetler,* 165 N. C., 464, where "contracts of sale or return" were enforced, the party aggrieved was not attacking the contract, but was declaring on the warranty.

We are also of opinion that there is evidence that the plaintiffs had notice of the fraud equally strong as that commented on and discussed in the learned opinion of *Associate Justice Walker* in *Bank v. Branson,* 165 N. C., 346.

There was also no error in refusing to require the jury to answer an issue as to indebtedness, as the plaintiffs bought nothing except the notes and had no interest in the horse, and the plaintiffs were entitled to no judgment as the jury found the notes were procured by fraud, and that the plaintiffs took with notice of the infirmity.