## Lynchburg Shoe Co. v. Clarence Hensley and Mary Hensley.

(Decided February 3, 1920.)

### Appeal from Magoffin Circuit Court.

1. Bills and Notes—Negotiable Instruments.—A note by which A promised to pay to the order of B one year after date $500.00 was a negotiable instrument in the hands of C to whom B had assigned and transferred it before maturity.

2. Bills and Notes—Negotiable Instruments—Holder in Due Course. —A holder in due course of a negotiable instrument takes it free from any defect of title in the prior parties and free from any defenses available to them.

3. Bills and Notes—Negotiable Instruments—Burden of Proof.— Where a suit is brought on a negotiable instrument, regular on its face, and the answer sets up defenses showing that it was obtained by fraud and without consideration, if the averments of the answer are denied by a reply, the burden is on the defendant to show the truth of the averments of his answer, but when he does this the burden shifts to the plaintiff to show that when he took the paper he did not have actual knowledge of the infirmity in its execution or knowledge of such facts that his action in taking it amounted to bad faith.

PRATHER & RAMSEY for appellant.

J. W. HOWARD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL— Reversing.

In July, 1918, the Lynchburg Shoe Company brought this suit in equity against Clarence and Mary Hensley, averring in the petition that on October 7th, 1916, the Hensleys executed and delivered to Sherman Lyon the following note:

"One year after date I promise to pay to the order of Sherman Lyon five hundred dollars for value received of him in land."

That on March 4th, 1917, Lyon, for a valuable consideration, transferred and assigned to them the note and they were the owners of the same.

They further averred that the note was executed for part of the purchase price of a tract of land conveyed by Lyon to the Hensleys, and they sought judgment against the Hensleys for the amount of the note, less a credit of $125.00, and asked that the lien on the land for which it was executed be enforced.

For answer to this suit, the Hensleys, after admitting the execution of the note, set up that it was procured by fraud and misrepresentation on the part of the assignor, Lyon, and was without consideration; that when they purchased the land from Lyon, paying therefor $800.00 in cash and executing the note sued on for the balance, Lyon represented to him that he had a good title to the land and conveyed it by deed with covenant of general warranty, although at the time he had no title to the mineral rights in the land, as he had theretofore conveyed the mineral rights to other parties; that when Lyon sold and assigned the note, the Lynchburg Shoe Company knew that the title to the note was defective and had notice of the facts concerning the defect in the title to the land; that they were not purchasers of the note in due course without notice; that Lyon was insolvent and a judgment against him on the warranty contained in his deed could not be collected.

For reply to this answer, the Lynchburg Shoe Company denied all the material averments thereof.

Thereafter, and on motion of the Lynchburg Shoe Company, the case was submitted on the petition, answer and reply, and having been heard by the court, the petition was dismissed, and the Lynchburg Shoe Company asks that we grant them an appeal and reverse the judgment.

It will be observed that the note was regular on its face and came into the possession of the Lynchburg Shoe

Company before its maturity. It had all the requirements of a negotiable instrument provided for in section 3720b-1, Kentucky Statutes. Wettlaufer v. Baxter, 137 Ky. 362.

Therefore, on the face of the instrument, the Lynchburg Shoe Company appeared as the holder in due course of a negotiable instrument, and as such holder the note was under subsection 57 "free from any defect of title of prior parties and free from defenses available to prior parties among themselves."

So that the Hensleys, although they had defenses that might have defeated the collection of the note if suit had been brought on it by Lyons, were denied by the statute the right to make these defenses as against the shoe company, unless when it took the paper it had as provided in subsection 56 "actual knowledge of the infirmity or defect in the title, or knowledge of such facts that his (its) action in taking the instrument amounted to bad faith."

Under these circumstances and the state of the record when the case was submitted, the only question before us is who had the burden of proof. If the burden was on the Lynchburg Shoe Company to show by evidence that it purchased the note without notice of the infirmity in the title or the circumstances under which it was executed by the Hensleys, then the judgment of the lower court was correct. On the other hand, if the burden was on the Hensleys to show by evidence the fraud in the execution of the note, or the failure of consideration, or other material circumstances connected with the transaction, manifesting the defenses that the Hensleys had the right to make against Lyon, then the judgment was erroneous and should be reversed.

The petition as we have seen set out a state of facts showing that the note sued on was a negotiable instrument under section 3720b-1 of the Kentucky Statutes, and under subsection 59 of section 3720b: "Every holder of a negotiable instrument is deemed *prima facie* to be a holder in due course, but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims, acquired the title as a holder in due course."

The meaning of this is that when the defendant sets up in his answer a defect in the title of the plaintiff who,

on the facts, appearing in the petition, is a holder in due course of a negotiable instrument, it is incumbent upon him to introduce evidence in support of his defense, although it is not necessary that he should go so far as to establish that the holder took it with notice of the infirmity or defect in its execution. He may rest when he has introduced sufficient evidence to show the infirmity or defect in the execution of the paper, such as fraud or failure of consideration. When he has done this, the burden shifts to the plaintiff to show that "he did not have actual knowledge of the infirmity or defect, or knowledge of such facts, that his action in taking the instrument amounted to bad faith."

It, therefore, follows that an answer such as was filed in this case does not in itself put the burden of proof on the plaintiff, if the material averments of the answer are controverted in a reply.

Of course, if no reply had been filed and the case had been submitted on the petition and answer, a judgment for the defendant would necessarily have followed, because the plaintiff would be in the attitude of having confessed the averments of the answer that he took the note with notice of the fraud in its execution.

Counsel for the Hensleys rely in support of the ruling of the trial court, putting the burden on the plaintiff, on the case of Campbell v. Fourth National Bank of Cincinnati, 137 Ky. 555, and there are some statements in the opinion in that case that are apparently misleading, in that the inference might be drawn from them that the burden in a case like the one we have is upon the plaintiff in the first instance to show by evidence that he is a holder in due course and without notice of any infirmity in the title of the paper.

It has, however, been made plain in many subsequent opinions that we have stated correctly the rule as to where the burden of proof is.

In Asbury v. Taube, 151 Ky. 142, Taube brought suit against Asbury, the Farmers Bank of Petersburg and Straus to recover on a check drawn by Asbury on the Farmers Bank and made payable to Straus. Asbury, in defense of the suit, pleaded that the check was obtained from him by fraud and that Taube, the plaintiff, when and before he became the owner of the check, had notice of the fraud in its execution.

The lower court directed a verdict in favor of Taube, and Asbury appealed.

In considering the case, the court said:

"The check in question being regular on its face and payable on demand, and being negotiated within two days after it was drawn, plaintiff acquired title before it was overdue. The only question to be determined is: Did plaintiff take the check in good faith and for value and without notice of any infirmity in the instrument or defect in the title of his co-defendant, Straus? . . . . When it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired title as a holder in due course. . . . The evidence in this case leaves no doubt that the check was obtained from Asbury by fraud. That being shown, it was incumbent upon plaintiff to show that he acquired title as a holder in due course."

Further in the course of the opinion, the court said that there was no evidence that Taube had notice of fraud or any infirmity in the title to the paper and, therefore, the court properly directed a verdict in his favor.

In Muir v. Edelen, 156 Ky. 212, Edelen, as the assignee of a negotiable note executed by Muir to the Clark Motor Car Company, brought suit on the paper against Muir. Muir in his answer admitted the execution of the note, but charged that it was obtained by fraud and false representation, and that Edelen had notice of the fraud and misrepresentation at the time he took the note.

On the trial of the case, Muir assumed the burden of proof, and at the conclusion of his evidence the court directed the jury to find a verdict for Edelen.

In the course of the opinion, the court, in holding that the trial judge committed error in taking the case from the jury upon the conclusion of the evidence for Muir which tended to show fraud and misrepresentation in the procurement of the note, said:

"Section 3720b, Kentucky Statutes, subsection 59 applies here, and it is as follows: 'Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims, acquired the title as a holder in due course.'

"And, subsection 55 states when title to a negotiable instrument is 'defective.'

"The title of a person who negotiates an instrument is defective within the meaning of this act, when he obtained the instrument, or any signature thereto, by fraud, duress, etc.

"So, when some proof of fraud, inducing the execution of the note sued on, was introduced by appellant, the burden shifted to appellee, Edelen, to show that he was a holder in due course."

In Barnard v. Napier, 167 Ky. 824, the court said:

"Subsection 59 of section 3720b provides under what circumstances and upon whom the burden of proof rests in a trial of a suit upon a negotiable instrument. Every holder of a negotiable instrument is *prima facie* deemed to be a holder in due course, but when it is shown that there was a defect in the title of anyone who has negotiated the note, the burden is upon the holder to prove that he or some one under whom he claims, acquired the title to the instrument in due course; that is, he must prove that he became the owner of it before it was overdue, and without notice of any previous dishonor; that he took it in good faith and for value, and that at the time it was negotiated to him he had no knowledge of any infirmity in the instrument or defect in the title of the person negotiating it to him. It was held also in the cases of Campbell v. Fourth National Bank, 137 Ky. 561, and Muir v. Edelen, 156 Ky. 212, that the burden was upon the holder to show that he was a holder in due course, when a defect was shown to be in the title of some one who has negotiated the instrument. Hence, the notes sued upon being upon their faces complete and regular, the appellant had a *prima facie* case, but when appellees offered proof of the frauds practiced by Bauhard Brothers upon them in procuring the execution of the notes, and thus showed a defect in the title of Bauhard Brothers, then the burden rested upon appellant to show, by evidence, that he was a holder of the notes in due course." To the same effect is Commercial Security Company v. Archer, 179 Ky. 842.

It follows from what we have said that the appeal must be granted and the judgment reversed, with direction to the lower court to proceed in conformity with this opinion.