FIRST NATIONAL BANK OF GLASGOW, MONTANA, a Foreign Corporation, Respondent, v. W. J. CARROLL, Appellant.

(179 N. W. 664.)

**Witness — in suit by indorsee after indorser's death, maker held competent to testify as to true consideration.**

1. In an action by an indorsee of a promissory note against the maker, where the indorser had died before suit was brought and no representative of his was party to the action, § 7871, Comp. Laws 1913, does not preclude the defendant from testifying to the true consideration for the note.

**Evidence — attorney may testify to pendency of suit in foreign state, without using court records.**

2. An attorney representing a party in litigation in a foreign state may give competent testimony relating to the fact of the continued pendency of the suit without proving the contents of the court records.

**Banks and banking — knowledge by payee bank director as to true consideration held not imputable to indorsee bank.**

3. Where the payee of a note transfers it by indorsement to a bank in which

NOTE.—Cases holding a bank chargeable with its president's and general manager's knowledge of facts which invalidate notes transferred to it by him, and which refuse to recognize the exception that a bank is not chargeable with the knowledge of its officers as to transactions in which they are personally interested, are collated in notes in 29 L.R.A. (N.S.) 558, and 49 L.R.A. (N.S.) 764, on imputation of knowledge of bank officers to bank, where officers are personally interested.

such payee is a director but not an active officer, the director's knowledge of the true consideration is not imputed to the bank.

**Bills and notes — proof of good defense must be met by proof of holding in due course.**

4. Where the plaintiff made out a prima facie case, and the defendant introduced evidence going to establish a defense to the note which was not met by proof that the plaintiff was a holder in due course (Comp. Laws 1913, § 6944, it was error to direct a verdict in favor of the plaintiff.

Opinion filed September 28, 1920.

Appeal from the District Court of Ward County, *K. E. Leighton,* J.

Reversed and remanded.

*Palda & Aaker,* for appellant.

The court erred in holding that the testimony of the defendant, Carroll, was barred under subdivision 2, § 7871, Comp. Laws 1913. Cardiff v. Marquis, 17 N. D. 110; Lake Grocery Co. v. Chiostri, 34 N. D. 386.

He cannot be excluded unless the party against whom his testimony is offered is within one of the classes protected by the statute. 40 Cyc. 2263, 2301, and cases cited.

The knowledge of the director of the plaintiff bank, Coleman, is imputed to the plaintiff, and hence plaintiff cannot be a holder in due course. McCarty v. Kepreta, 24 N. D. 395.

*F. B. Lambert,* for respondent.

In this state the purposes of the statute involved to prevent any party from securing an undue advantage in establishing, by his testimony, what transaction or conversation took place, when the lips of the other party are sealed by death, have been clearly expressed and continuously followed by this court. Braithwaite v. Aiken, 2 N. D. 61, 49 N. W. 419; Hutchinson v. Cleary, 3 N. D. 270, 55 N. W. 729; Regan v. Jones, 14 N. D. 591, 105 N. W. 613; First Nat. Bank v. Warner, 17 N. D. 76, 114 N. W. 1085, 17 Ann. Cas. 213; Cardiff v. Marquis, 17 N. D. 116, 114 N. W. 1088; Larson v. Newman, 19 N. D. 160, 23 L.R.A.(N.S.) 849, 121 N. W. 202; Truman v. Dakota Trust Co. 29 N. D. 456, 151 N. W. 219; Lake Grocery Co. v. Chiostri, 34 N. D. 386, 158 N. W. 998.

BIRDZELL, J. This is an appeal from a judgment entered pursuant to a directed verdict in favor of the plaintiff. The action was brought by the plaintiff as holder of a promissory note for $502, dated December 12, 1917, made payable to E. D. Coleman, and indorsed by him in blank. Coleman died before the trial of the action. At the trial the plaintiff proved the defendant's signature, and, to prove plaintiff's ownership, one R. M. Lewis, vice president of the plaintiff bank, was called and testified to the signature of Coleman as indorser and that the bank was the owner and holder of the note.

The plaintiff rested, whereupon the defendant went upon the stand and attempted to testify to the true consideration for the note. Some of the evidence was stricken out and frequent objections were made, so that it is somewhat difficult to ascertain what evidence the court considered in granting the plaintiff's motion for a directed verdict made at the close of the case. But in this opinion sufficient comment will be made upon the admissibility of the evidence to determine for purposes of a new trial what should be admitted; also wherein the court erred in granting the plaintiff's motion.

There are two questions raised upon the admissibility of evidence, which incidentally involve the burden of proof and a question of constructive notice to a corporation of a fact known to a director.

The defendant, over the objection of plaintiff's counsel, testified that the only consideration for the note in suit was a contingent liability of Coleman upon a cost bond of $300, which Coleman and one Truscott had signed in a suit in Montana in which the defendant was interested as plaintiff. The objection to the testimony was in substance that the statement by the defendant of the consideration for the note involved the giving of testimony concerning a transaction with a person since deceased, and that such testimony is precluded by § 7871, Comp. Laws 1913. To sustain the contention that the evidence is inadmissible the respondent's counsel relies upon the former decisions of this court, which were last reviewed in Druey v. Baldwin, 41 N. D. 473, 172 N. W. 663, 182 N. W. 700. The respondent's contention is sufficiently answered by the statute itself, which provides:

"(2) In a civil action or proceeding by or against executors, administrators, heirs at law, or next of kin in which judgment may be ren-

dered or ordered entered for or against them, neither party shall be allowed to testify against the other as to any transaction," etc.

The executors, administrators, heirs at law, or next of kin of Coleman are not parties to this proceeding, and it is consequently impossible for any judgment to be rendered or ordered for or against any of them. The defendant had the right to place before the jury evidence to establish his defense, if any, notwithstanding such evidence related to a transaction with a deceased person who was not a party. This would put upon the plaintiff the burden of establishing that it was a holder in due course, in which case the defense would be overcome.

Further objection was made to testimony going to establish that the suit in Montana in which the cost bond was furnished was still pending. The testimony consisted principally of statements by the attorney who represented one of the parties to the action. The objection was that this testimony was not the best evidence. We are of the opinion that the ordinary rule applicable to the proving of the contents of a record or of a writing is not applicable where a conclusion of fact is sufficient and where only this is sought to be presented. There are many situations in which facts common to every-day observation are also evidenced by written instruments. Yet it is not necessary to produce the written instruments to establish them. If, for instance, in an action of trespass it is desired to show that John Smith is the owner of a certain quarter section of land, it is ordinarily not necessary to introduce all the written muniments of title. We think the evidence of the attorney as to the continued pendency of the litigation is competent.

The record shows that Coleman in his lifetime was a director of the plaintiff bank, though not a managing officer, and the appellants contend that the bank must be presumed to have had knowledge of any fact of which Coleman had notice, and that hence the plaintiff cannot be a holder in due course. In this connection, appellants rely upon Emerado Farmers Elevator Co. v. Farmers Bank, 20 N. D. 270, 29 L.R.A.(N.S.) 567, 127 N. W. 522; McCarty v. Kepretka, 24 N. D. 395, 48 L.R.A.(N.S.) 65, 139 N. W. 992, Ann. Cas. 1915A, 834; and Grebe v. Swords, 28 N. D. 330, 149 N. W. 126. These are all cases in which the officers who had notice shared in the active control

46 N. D.—5.

and management of the business of the corporation. If the corporation could not acquire notice from such officers, it could not, as has been frequently asserted, be charged with notice at all. These holdings, however, are in conformity with a recent tendency to charge corporations with the knowledge obtained by their officers on a theory of constructive notice, and we have no disposition to depart from the rule laid down in these cases. It is clearly applicable to charge corporations with notice where its managing officers have notice. But it is another matter to charge a corporation with knowledge of facts known only to a single director, especially where the active officers of the corporation deal with that director in actual ignorance of the facts known to him. There seems to be a dearth of authority on the subject. In the case of Doane v. King, 30 Fed. 106, Mr. Justice Brewer stated the converse of the proposition presented in the instant case, saying (page 107):

"Certainly, plaintiff, although a director in the company, was not personally chargeable with notice of any false representations made by Felt, the treasurer, although the company of which he was a director might have been bound."

This is a clear recognition of the distinction between the functions of a director and an officer in applying the rule of constructive notice. This case was later before the United States Supreme Court, 139 U. S. 166, 35 L. ed. 84, 11 Sup. Ct. Rep. 465, on a writ of error, and, in the opinion of the court, written by Mr. Justice Harlan, the case is disposed of on the theory that a director plaintiff who pays value in good faith before maturity without notice for commercial paper obtained by an officer of the corporation through fraud is entitled to the protection accorded holders in due course. The directors of banks, as of corporations generally, act as a board, and not individually, whereas the officers charged with the active management are generally authorized individually to complete transactions on behalf of the corporation. It is one thing to charge a corporation with the knowledge of facts known to the managing officers, but quite a different matter to charge it with notice of a fact known only to a minority of its directors. See 1 Morse, Banks & Bkg. § 112. In the light of the facts in this case, in so far as they are disclosed by the record, it was possible for the bank of which Coleman was director to be a holder in due

course of the note which it obtained through Coleman's indorsement. In the state of the record, however, a verdict should not have been directed for the respondent. When the defendant offered evidence of the true consideration for the note, it was incumbent on the bank to show that it or someone through whom it claimed title was a holder in due course. . No such evidence was offered. The plaintiff merely contented itself with the proof of a prima facie case which, of course, would have been sufficient had there been no evidence tending to establish a defense. But when evidence was offered impugning the right of the defendant to recover the face of the note, a prima facie case is no longer sufficient but is required to be supplemented by evidence showing that the plaintiff is a holder in due course. Comp. Laws 1913, § 6944.

For the reasons stated the judgment must be reversed and the case remanded for a new trial. The appellant is entitled to costs on this appeal, and the costs in District Court will abide the event of a new trial. Judgment reversed.

CHRISTIANSON, Ch. J., and ROBINSON and BRONSON, JJ., concur.

GRACE, J. I concur in the result.