## Owsley County Deposit Bank v. Burns, et al.

(Decided November 3, 1922.)

### Appeal from Clay Circuit Court.

1. Banks and Banking—Principal and Agent—Notice to Agent—Presumptions.—The general doctrine that notice to the agent is notice to the principal is rested upon the presumption that the former will communicate his knowledge to the latter, but the presumption fails where the subject matter involves the individual transaction of the agent and wherein his interest is adverse to that of his principal. Therefore, knowledge of the cashier of a bank that a note executed to him in his individual capacity and relating to his individual business was without consideration will not be imputed to the bank to whom the cashier discounts it and credited with the proceeds.

2. Bills and Notes—Defenses—Failure of Consideration—Notice—Burden of Proof.—Under subsection 28 of section 3720b of the Kentucky Statutes, the want or failure of consideration is a defense, except as against a holder in due course; but, when the maker in a suit by the transferee of the paper before maturity proves the defect in the note, including the failure or want of consideration, the burden is then cast upon the holder, under the provisions of subsection 59 of the statute referred to, to show that it obtained the note in due course, i. e., without notice of the defect relied on; and if the holder fails to discharge the burden the defense will prevail and the petition should be dismissed.

RAWLINGS & WRIGHT and CHARLES W. HOGGE for appellant.

HALL & CLOWD and A. B. HAMPTON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Appellees and defendants below, A. H. and Susan Burns, on September 7, 1910, executed to T. C. Fuller their promissory note for $3,700.00 due in twelve months. It possessed all the requisites of and it was a negotiable instrument under our negotiable instrument law, and three days thereafter it was discounted by the payee to the appellant and plaintiff below, Owsley County Deposit Bank, and the proceeds were placed to the credit of the payee who was at the time cashier of plaintiff. Contemporaneous with the execution of the note defendants also executed a mortgage to Fuller to secure it on a tract of land in Clay county, Kentucky. This action was filed by plaintiff on January 8, 1918, in the Clay circuit court to obtain judgment for its debt and to subject the land in

payment thereof. Two credits were endorsed on the note, one for $1,200.00 of date September 17, 1910, and one for $463.81 of date April 16, 1914, but each of them was made by or at the instance of Fuller without any knowledge, according to the testimony, of either of the defendants. The petition did not allege that the plaintiff was the holder of the note "in due course," i. e., without notice of infirmities, defenses or equities as between the original parties thereto, but the answer alleged, in substance, that the note was without consideration and that plaintiff had knowledge thereof at the time it was discounted, and that it was not, therefore, a holder in due course. A second paragraph in the answer relied on the statute of limitations. The reply denied the want of consideration and plaintiff's knowledge thereof, and avoided the limitation plea by alleging new promises to pay the note made by defendant. The avoidance was denied by an appropriate pleading and upon trial the court dismissed the petition and plaintiff has appealed.

The mortgage recites that the indebtedness represented by the note consisted of $3,600.00, which Burns owed J. F. Chandlier and James Hignite and $100.00 to C. B. Lyttle, all which was a lien upon the mortgaged land and for which it had been sold under judgments subjecting it, and that Fuller agreed to furnish the money with which to pay those judgments. Those facts were alleged in the answer and in addition it was therein averred that before it became necessary to pay the judgments with the proceeds of the note, Fuller purchased from defendant, A. H. Burns, other land in Clay county aggregating 981.34 acres at ten dollars per acre, or a total sum of $9,813.40, out of which sum the judgments for which the note was executed were paid as well as other debts of defendant, leaving a balance of $1,141.51 due from Fuller to defendants and which amount he then paid to them. It is quite manifest that defendant's answer violated the rule of correct pleading by incorporating therein his evidence to sustain his plea of no consideration, but that fact did not render the pleading bad on demurrer, as is contended by plaintiff's counsel, but only furnished grounds for a motion to strike therefrom the wrongfully pleaded evidence, but no such motion was made. The testimony heard upon the trial will not be set out herein, since we deem it sufficient for the purpose of this opinion to say that it quite con-

clusively established that the note was wholly without consideration and that Fuller never advanced, nor Burns ever received, anything therefor.

It is, therefore, insisted by defendants that plaintiff is not a holder in due course, since it had knowledge through that of its cashier of the defect in the note, which contention embodies the general rule upon the subject but which does not prevail, under the exception to the general rule, where the agent, or as in this case the cashier, was personally interested in the matter to which the notice relates and which interests are adverse to those of his principal. The general rule that knowledge possessed by an agent will be presumed to be possessed by his principal is bottomed upon the presumption that the agent will do his duty toward his principal and impart to the latter the knowledge of the former; but that presumption has no basis when the transaction relates to personal matters of the agent and where his interests are adverse to those of his principal. Taulbee v. Hargis, 173 Ky. 433; Ohio Valley Banking and Trust Co. v. Citizens National Bank, idem 640; Niles v. Meade, 189 Ky. 243, and numerous other cases cited in those opinions. Under the doctrine of those cases the knowledge of Fuller can not be imputed to plaintiff bank, his principal, since the note was the individual property of the agent Fuller and his interest was adverse to that of the bank.

Section 3720b of our statutes contains our negotiable instrument law, and subsection 28 thereof provides that the absence or failure of consideration will be a defense against any person not a holder in due course, and subsection 59 of the act provides that "Every holder is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." It will be seen that the latter subsection prescribes a rule of practice whereby the burden is first upon the maker of the instrument to show the defect therein, and when shown it then becomes the duty of the holder to show that he obtained it in due course, which includes his obtention of it *without notice* of the defect, and the section has been so applied in every case in this court where the question was presented, as will

be seen from the cases of Lynchburg Shoe Co. v. Hensley, 186 Ky. 767; Commercial Security Co. v. Archer, 179 Ky. 842; Bernard v. Napier, 167 Ky. 824; Muir v. Edelen, 156 Ky. 212, and Campbell v. Fourth National Bank, 137 Ky. 561.

Upon the trial, after defendant satisfactorily established his plea of want of consideration, and which the court correctly found, it then became the duty of plaintiff under the burden imposed upon it, as we have seen, to show that it had no notice of the defect and that it was, therefore, a holder in due course. It introduced its assistant cashier at the time, its then president, and one of its directors who afterwards became president. The assistant cashier testified that he had no knowledge of the want of consideration, but neither the president nor the director and subsequent president were asked or testified to any fact upon the subject, nor was any other officer, director or other witness introduced or gave any testimony thereon.

The record, therefore, is in the exact condition of those in the cases, *supra,* particularly the Archer case, and the consequences therein adjudged must be applied here, which necessarily determines that the judgment was correct, and it is therefore affirmed.