TAYLOR & CO., Inc., v. NEHI BOTTLING CO.

No. 10607.

Court of Civil Appeals of Texas. Dallas.
May 0, 1930.

Rehearing Denied July 26, 1930.

C. M. Cocke, of Dallas, and Emmett B. Cocke, of San Antonio, for appellant.

J. W. Chancellor, of Bowie, and Pinckney, Grissom and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

LOONEY, J.

■ Taylor & Company, Inc., of New York City, sued Nehi Bottling Company, a domestic corporation of the city of Dallas, on a negotiable promissory note for $180, one of a series of fourteen aggregating $2,530, remainder of the consideration for an automatic syruping, filling, and crowning machine, sold to defendant by Adriance Machine Works, a corporation of Brooklyn, N. Y. Plaintiff alleged that it was holder in due course, which carried the implication that it became holder before the note was overdue, that it took same in good faith for value and without notice of any infirmity or defect in the title of the Adriance Machine Works.

Defendant joined issue on plaintiff's allegations and, in addition, pleaded specially that plaintiff was not holder in due course, alleging facts, among others, that the consideration for the note failed, in that the machine for which it was given was defective and worthless. On findings by the jury favorable to defendant on all special issues, the court rendered judgment that plaintiff take nothing.

■■ Under our view of the case, it will not be necessary to determine the correctness of the several propositions urged by appellant, because, whether correct or not, the case will have to be affirmed, for reasons which we will now state. Plaintiff made a prima facie case when the note sued upon was placed in evidence, but as defendant established its plea of failure of consideration, the burden shifted, and it was then incumbent upon plaintiff to show that it was holder in due course, that is for value, and without notice of any vice in the instrument. Section 59 of article 5935 of the Negotiable Instruments Act reads: "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

The doctrine asserted by us above is in harmony with the construction given the quoted provision of the Negotiable Instruments Act by the Supreme Court of several states. See Central Nat'l Bank v. Pyeatt, 97 Okl. 28, 222 P. 533; Owsley County Deposit Bank v. Burns, 196 Ky. 359, 244 S. W. 755; First Nat'l Bank v. Carroll, 46 N. D. 62, 179 N. W. 664; Besse v. Morgan, 84 Okl. 205, 202 P. 1012.

The only evidence on the issue of notice was the testimony of Beatrice Irwin, assistant treasurer of Adriance Machine Works. She testified that, at the time the note was negotiated by Adriance Machine Works to Taylor & Co., the latter was not informed by any one, or from any source, that there existed any controversy between Adriance Machine Works and Nehi Bottling Company regarding the machine, nor were they given notice by any one or from any source that the consideration for which the note was given had failed, but that so far as she knew, Taylor & Co. was an innocent purchaser for value before maturity, and was not in possession of any information that would put it on inquiry concerning any infirmity in the note. She testified further that dealings and an account existed between these corporations, and transfers of notes by the machine company to Taylor & Co., such as the one in suit, occurred quite frequently.

■■ It was not shown that this witness had any connection with Taylor & Co., or was in a position to acquire knowledge of facts with reference to notice, her testimony was incompetent being negative in character, the expression of opinions, and without probative value; hence we do not think the evidence sufficient to establish the fact that plaintiff was purchaser without notice of the vice in the note. Plaintiff controlled the means of establishing want of notice, could and should have produced testimony from its officer or agent who acted for it in the transaction, and failing in this, the presumption will be indulged that such testimony if produced would have been unfavorable to it on the issue. See Ryan v. M., K. & T. Ry. Co., 65 Tex. 20, 57 Am. Rep. 589; G., H. & S. A. Ry. Co. v. Horne, 69 Tex. 648, 9 S. W. 440; Standard Oil Co. v. State, 117 Tenn. 618, 100 S. W. 705, 718, 10 L. R. A. (N. S.) 1015; 10 R. C. L. 902.

But aside from the question of notice, the undisputed evidence is to the effect that Adriance Machine Works was debtor of Taylor & Co. at the time the note was transferred, and that Taylor & Co. credited the machine works with the consideration paid for the note upon this pre-existing indebtedness.

The law is settled in this state that a purchase under these circumstances is not for value. Overstreet v. Manning, 67 Tex. 657, 4 S. W. 248; Bowen v. Lansing, 91 Tex. 385, 391, 43 S. W. 872, 874; Van Burkleo v. South-

western, etc., Co. (Tex. Civ. App.) 39 S. W. 1085, 1086, 1087; Avery v. Mansur (Tex. Civ. App.) 37 S. W. 466, 467; Lewis v. Bell (Tex. Civ. App.) 40 S. W. 747, 748; Marshall v. Marshall (Tex. Civ. App.) 42 S. W. 353, 355; Huff v. Maroney, 23 Tex. Civ. App. 465, 56 S. W. 754, 755; Connally & Co. v. Hopkins (Tex. Civ. App.) 195 S. W. 656, 660.

For these reasons, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

We, decided the case against plaintiff on, two, grounds: (a) Because, after defendant established its plea of failure of consideration, plaintiff failed to discharge the burden imposed by the provision of section 59, article 5935, of the Negotiable Instruments Act, in that it did not prove that it acquired the notes sued upon in due course; and (b) because plaintiff was not a holder for value, in that the consideration paid Adriance Machine Works, transferee, was an antecedent or preexisting debt.

Our reasons for the decision are vigorously assailed by plaintiff in its motion for rehearing, the contention being (a) that the statute in question has no application to the facts of the case, and further, if it be true that there was failure of consideration, nevertheless title of the machine works to the notes was not, within the meaning of the statute, affected thereby.

Prior to the enactment, in 1919, of the Negotiable Instruments Act, the rule was definitely settled in this state that, where the maker of a negotiable instrument, sued by an indorsee, sought to impeach the consideration, the burden rested upon him to show, not only failure of consideration, but also that the holder acquired title with notice of such fact, or without having paid value. See Herman v. Gunter, 83 Tex. 66, 18 S. W. 428, 29 Am. St. Rep. 632; Daniel v. Spaeth (Tex. Civ. App.) 168 S. W. 509, 512; Mulberger v. Morgan (Tex. Civ. App.) 47 S. W. 379. From this it follows that, unless this rule was changed by provisions of the Negotiable Instruments Act, the contention of plaintiff in this respect is correct and its motion for rehearing should be granted.

The pertinent provisions of the Negotiable Instruments Act are these: Section 52, art. 5935, reads: "A holder in due course is a holder who has taken the instrument under the following conditions: * * * 3. That he took it in good faith and for value; 4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it." Section 55 of the same article reads, in part, as follows: "The title of a person who negotiates an instrument is defective within. the meaning of this Act when * · * * he

negotiates it in breach of faith, or under such circumstances as amount to a fraud." Section 59 of the same article is, in part, as follows: "Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. * * *"

Courts of last resort are not harmonious in their construction of these provisions of the Uniform Negotiable Instruments Law. In Missouri, the rule finally settled is to the effect that the definition of "defective title" given in the statute does not include "failure of consideration," and that proof of such fact by the party sued does not place a burden on plaintiff to show that he acquired title as holder in due course. See Hill v. Dillon, 176 Mo. App. 192, 161. S. W. 881; Bank v. Wood, 189 Mo. App. 62, 173 S. W. 1093. The same view was expressed by the Supreme Court of Utah in Cole Banking Co. v. Sinclair, 34 Utah, 454, 98 P. 411, 131 Am. St. Rep. 885, and by the Supreme Court of North Dakota in Commercial Security Co. v. Jack, 29 N. D. 67, 150 N. W. 460.

However, courts of other states hold that where the party sued shows failure of consideration, this is tantamount to proof of defective title, and that the burden is thereupon cast upon the holder to show that he or some person under whom he claims acquired title in due course.

In addition to authorities, in support of this proposition, cited in the original opinion, see the following: Gourley v. Pioneer Loan Co., 51 Okl. 434, 151 P. 1072; Keene v. Behan, 40 Wash. 505, 82 P. 884, 886; Shellenberger v. Nourse, 20 Idaho, 323, 118 P. 508; Ireland v. Shore, 91 Kan. 326, 137 P. 926; Barnard v. Napier, 167 Ky. 824, 181 S. W. 624, 627; Commercial, etc., Co. v. Archer, 179 Ky. 842, 201 S. W. 479, 480, 481; Lynchburg Shoe Co. v. Hensley, 186 Ky. 769, 218 S. W. 243. The tendency of the following are to the same effect: Fidelity Trust Co. v. Whitehead, 165 N. C. 74, 80 S. E. 1065, Ann. Cas. 1915D, 200; Smathers v. Toxaway Hotel Co., 168 N. C. 69, 84 S. E. 47; Wilson v. Lewis, 170 N. C. 47, 86 S. E. 804; Camden Nat'l Bank v. Fries-Breslin Co., 214 Pa. 395, 63 A. 1022; Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663.

These holdings are fairly illustrated by the following from the Supreme Court of Washington in Keene v. Behan, supra, where the court said: "Appellants contend that, as soon as they proved the notes were without consideration, the title of Reed was shown to be defective, and the burden of proof then fell upon respondent to show that he had acquired title as holder in due course; that in doing so he must not only show that he had ac-

quired said notes before maturity and for value, but also that he took the same in good faith, and that at the time the notes were negotiated to him he had no notice of any infirmity therein or defect in the title of Reed. This contention is sustained, not only by the decisions of numerous courts of last resort, but also by sections 52, 55, 56, and 59 of our negotiable instruments law."

Section 59 of the Negotiable Instruments Act of the State of Washington, mentioned in this quotation, is identical with section 59 of the Negotiable Instruments Act of this state.

█ This rule, in our opinion, is reasonable, and will abridge no substantial right of the holder, but merely places the burden of proof where, in reason, it should be, upon one who possesses a peculiar knowledge of the facts. If in fact he is holder in due course, that is, if he took the instrument before maturity in good faith for value and without notice of an infirmity or defect in the title of the person negotiating it, the law protects him although the maker could successfully defend against the payee. However, in order for the holder to discharge this burden, he must show, not only that he paid value, but that the transfer was without knowledge or notice on his part of the vice in the instrument.

█ As to the second ground on which our decision was based, after careful reconsideration, we have reached the conclusion that the authorities cited do not sustain the proposition we asserted; that is, that the taking of a negotiable instrument as payment or as a credit upon a pre-existing debt is not a taking for value. The rule, as applied to the sale of negotiable instruments, seems to have been well settled, even before the enactment of the negotiable instruments statute, that one who acquired title in consideration of the payment of or as a credit upon a pre-existing debt was a purchaser for value and in the usual course of trade. See Herman v. Gunter, 83 Tex. 66, 69, 18 S. W. 428, 29 Am. St. Rep. 632; Adams v. Williams, 112 Tex. 477, 248 S. W. 673, and authorities cited. However, the Negotiable Instruments Act leaves no room for doubt as to the status of the law on this subject.

Article 5933 provides, in part, as follows:

"Sec. 25. Value is any consideration sufficient to support a simple contract. An antecedent or pre-existing debt constitutes value; and is deemed such whether the instrument is payable on demand or at a future time.

"Sec. 26. Where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time.

"Sec. 27. Where the holder has a lien on the instrument, arising either from contract or by implication of law, he is deemed a holder for value to the extent of his lien."

Wherever these provisions of the uniform law have been brought under construction, courts have uniformly held that one who, in consideration of an antecedent or pre-existing debt, buys a negotiable instrument, is holder for value. See Ogle v. Armstrong, 54 Okl. 486, 153 P. 1139; Wilkins v. Usher, 123 Ky. 696, 97 S. W. 37; Figures v. Fly, 137 Tenn. 358, 193 S. W. 117, 122; Trustees of American Bank, etc., v. McComb, 105 Va. 473, 54 S. E. 14; Felt v. Bush, 41 Utah, 462, 126 P. 688; German, etc., v. Wright, 85 Wash. 460, 148 P. 769, Ann. Cas. 1917D, 381; Graham v. Smith, 155 Mich. '65, 118 N. W. 726; Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643, 6 A. L. R. 1663; Bank v. Beecher, 133 Minn. 81, 157 N. W. 1070; Samson v. Ward, 147 Wis. 48, 132 N. W. 629; Scherer v. Everest (C. C. A.) 168 F. 822, 831; Melton v. Pensacola (C. C. A.) 190 F. 126, 133.

We are of opinion, however, that our decision must stand upon the first proposition discussed; therefore, the motion for rehearing is overruled.

Overruled.