FIRST NATIONAL BANK, OF GLASGOW, MONTANA, a Foreign Corporation, Respondent, v. W. J. CARROLL, Appellant.

(194 N. W. 669.)

**Bills and notes — defense of no consideration held not sustained.**

In an action upon a promissory note where the defense was asserted that no consideration was given and that the note was executed to secure bondsmen upon an undertaking which had been discharged through litigation, it is *held*, for reasons stated in the opinion, that no defense to the note has been established.

Opinion filed July 6, 1923.

Bills and Notes, 8 C. J. § 1359 p. 1048 n. 21.

In District Court, Ward County, *Lowe,* J.

Defendant has appealed from the judgment entered upon an order directing judgment notwithstanding the verdict.

Affirmed.

*J. E. Burke,* for appellant.

*F. B. Lambert,* for respondent.

"It is a well-established rule of law that a cause of action based upon an implied promise on the part of the principal to reimburse his surety for any loss sustained by the latter by reason of his suretyship arises in

favor of the surety immediately upon his payment of the debt of the principal." 134 Am. St. Rep. 557, note.

"Upon such a payment of the principal debt by the surety he becomes a simple contract creditor of the principal."

"When the relation of principal and surety exists between the parties, a previous request to the surety to pay is not necessary to authorize him to discharge the obligation and to give him a right of action for the amount paid. *It is not necessary for the surety to wait until suit has been brought against him, or until a judgment has been obtained before paying the obligation.* He may pay at once when the obligation has matured."

"The following cases are cited: White v. Miller, 47 Ind. 385; Hollinsbe v. Richey, 49 Ind. 261; Hazelton v. Valentine, 113 Mass. 472; Ollin v. Greenleaf, 3 N. H. 270; Williams v. Williams, 5 Ohio, 444."

Northern Trust Co. v. Bank, 25 N. D. 74–80.

"A surety is entitled to charge his principal with the costs of a suit for the collection of the debt which he was compelled to pay." Owings v. Owings, 26 Ky. 590; Apgar v. Hiller, 24 N. J. L. 812; Bonney v. Seeley, 2 Wend. 481; Elwood v. Diefendorff, 6 Barb. 398; Feanster v. Withrow, 12 W. Va. 611.

"A surety may recover of his principal legal costs incurred in litigation instituted by principal, and in which the surety has joined, when such costs have been paid by the surety." Whitworth v. Tilman, 40 Miss. 76.

"The principal in a note is liable to his surety for the costs incurred in proper but unsuccessful defense." Bennett v. Dowling, 26 Tex. 660.

"It is well settled in this state that a surety may recover of his principal costs which he has incurred and paid in litigating in good faith the claim upon which he is surety." Denver v. Baxter, 30 Vt. 467.

"A surety can recover from his principal all reasonable expenses and necessary costs that he has incurred on account of the relation; and if the principal and surety are sued together, the surety is justified in expecting that the principal will satisfy the claim and can recover the costs of the suit which he is compelled to pay." 32 Cyc. 274.

"The surety can recover for attorneys' fees paid by him in defending a suit if such defense was made with the consent of the principal." 32 Cyc. 275.

"The surety is entitled to recover the costs of proceedings against his principal to enforce the liability of the latter to him." 32 Cyc. 275.

"A promissory note, the consideration for which is an agreement of settlement of a claim, cannot be defeated by showing that the claim was in fact one which could not have been sustained, where it was made in good faith." McGlyn v. Scott, 4 N. D. 18, 59 N. W. 460.

"Parol evidence of a conversation at the time of entering into a written contract is inadmissible to vary the terms of the contract." Gile v. Interstate Motor Car Co. 27 N. D. 108, L.R.A.1915B, 109–145, 145 N. W. 732.

"Parol evidence as to negotiations or conversations prior to the execution of the written instrument is not admissible to vary or explain it, as it is presumed that the entire actual agreement of the parties is contained therein." Harney v. Wirtz, 30 N. D. 292, 152 N. W. 803.

BRONSON, Ch. J. This is an action upon a note. The defense is that the note was given without any consideration; that certain parties had signed a cost bond for $300; that, in the litigation resulting where the bond was used, Carroll obtained a judgment in his favor thus automatically canceling the bond; that, if the bondsmen have paid anything, it was paid without the knowledge of Carroll. A verdict was returned in defendant's favor. Subsequently, upon motion made, the trial court ordered judgment in plaintiff's favor notwithstanding, the verdict. This is the second time the case has been before this court. First Nat. Bank v. Carroll, 46 N. D. 62, 179 N. W. 664. The facts, necessary now to be stated, are: In May, 1910, Carroll started an action in Montana against one Wigmore and a live stock cattle company concerning a cattle deal. Carroll, being a nonresident, furnished in February, 1912, an undertaking for costs in the sum of $300 signed by one Coleman and Truscott. Shortly thereafter, in February, 1912, Carroll secured a judgment in this action for $483. Later, in April, 1912, the trial court in Montana set aside this judgment in Carroll's favor and rendered a judgment for costs against Carroll amounting to $309.70. In October, 1916, Wigmore and this live stock cattle company brought an action against Carroll's sureties to recover this judgment for costs. The sureties appeared through attorneys and made a motion for change of venue; also, a demurrer to the complaint. The court in Montana

ordered on January 13th, 1917, a change of venue from Hill county to Valley county upon payment of costs. Then, in April, 1917, Wigmore and the live stock cattle company amended their complaint. The sureties again demurred thereto. Thus was the action against the sureties pending in Montana. On December 12th, 1917, defendant Carroll gave the note in suit to Coleman, one of the sureties. Carroll testifies to the effect that Truscott, one of the sureties, was worried and wanted him to advance some money. Carroll responded that he did not have the money. Coleman then told him that the costs would amount to so much and he asked Carroll to sign a note for it to satisfy Truscott. Coleman advised Carroll that he had paid attorneys for fighting this suit upon the undertaking. Carroll admitted in his testimony that he never paid any judgment for costs in that action and that he never paid the attorneys because they never asked him for any money; that he expected to pay this note "if he (Truscott) got stuck for it." On March 4th, 1918, Coleman sold this note to plaintiff and received a credit in his account with the bank for $502, the face of the note. This credit was made in an open checking account. The note was duly endorsed by Coleman. Carroll testified to a conversation that he had with one Lewis, vice president of plaintiff bank, on the day he executed the note, to the effect that he had given a note to Coleman to satisfy Truscott; that Lewis advised him that it was better to keep Truscott satisfied. In March, 1918, Carroll wrote plaintiff bank to the effect that the note was given Coleman because he was a bondsman; that it was to be held by Coleman; that he was not supposed to pay the judgment; that it was not to be run through a bank; that his attorney would meet with the bank's attorneys at Plentywood, Montana, on March 12th and that they would arrange to finish the lawsuit. It requested the bank not to send the note for collection until they got things arranged according to agreement. The bank answered this letter to the effect that it knew nothing in regard to the agreement and that they expected the note to be paid on March 12th when it became due. This action was instituted in June, 1918. Coleman died in May, 1919. Otherwise, in the evidence it appears that Coleman had paid $202 as attorneys' fees at the time this note was executed; that, later, his son paid the amount of the judgment for costs against Carroll through a settlement made with Wigmore and the live stock cattle company.

49 N. D.—65.

In many respects defendant has failed to comply with rules of the court concerning the preparation of briefs. The appeal might properly be dismissed for such failures but it will be considered on its merits. Upon inspection of the facts it is apparent that the defense interposed in the answer has wholly failed. A judgment for costs was rendered against Carroll in Montana. His sureties were liable upon the undertaking furnished by him at the time when he gave this note. At that time one of the sureties already had paid for attorneys engaged in the litigation. The record fully discloses that expenses were incurred by the sureties and attorneys were engaged by them in the course of the litigation considerably anterior to the time this note was given. A consideration existed for this note at the time it was executed by Carroll. Plaintiff paid full consideration for this note. There is no reason either in law or in equity why Carroll should not be held liable upon this note in response to the undertaking and considerations paid, not only by the bank but by Carroll's sureties, in his litigation in Montana. The judgment is affirmed with costs to the respondent.

BIRDZELL, CHRISTIANSON, NUESSLE, and JOHNSON, JJ., concur.