## Hensley v. Lynchburg Shoe Company.

(Decided November 28, 1924.)

### Appeal from Magoffin Circuit Court.

Judgment—Judgment Correcting Descriptions of Land Sold to Satisfy Lien Held Res Judicata as to Claim of Party Not Appealing.—Judgment correcting descriptions of land in proceedings for judicial sale to satisfy lien to conform to testimony of owners, who did not appeal therefrom, held res judicata against claim that under lost deed part of tract was not subject to lien; presumption being, in absence of testimony, that it was sufficient to authorize correction.

J. W. HOWARD for appellant.

WALTER R. PRATER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On September 18, 1920, the appellee and defendant below, Lynchburg Shoe Company, obtained a judgment against the appellant and plaintiff below, May Hensley, and her husband, Clarence Hensley, for $375.00 with interest which was the unpaid part of a note executed by

the Hensleys on October 17, 1916, to Sherman Lyon for the sum of $500.00, upon which $125.00 had been paid; but before that payment and before the maturity of the note Lyon transferred it to defendant, Lynchburg Shoe Company. It was executed for a deferred payment on the purchase price of a tract of land sold by Lyon to the Hensleys on the same date. In the same action appellee also obtained an order of sale of a tract of land, supposed to be the one for which the note was executed, to satisfy its judgment. The commissioner made the sale and reported it, but before it was confirmed the defendant, who was the purchaser, discovered that the petition, the judgment, and the report of sale had each erroneously described the tract of land upon which it had a lien to secure the payment of its note, and it served notice on the Hensleys that it would move for an order of court correcting the description of the land on a date named in the notice. That motion was continued from time to time, but finally it was heard and plaintiff herein and her husband appeared at the hearing and one or both of them testified as to the true description of the land in lien for the payment of the note and prior descriptions in the proceedings were corrected to conform to their testimony. The sale was then confirmed and a deed was made by the commissioner to the defendant, who, as we have said, was the purchaser of the land at the commissioner's sale, and the case was stricken from the docket.

Afterwards this equity action was filed by Mrs. Hensley alone against the defendant claiming that the corrected judgment was itself incorrect in that it ordered to be sold and the commissioner had conveyed to defendant a tract of land belonging to her individually and upon which it had no lien to secure the note it had previously sued on, and that the deed by the master commissioner cast a cloud upon her title to that portion of land claimed by her and prayed that it be cancelled to that extent. The answer was a denial and a plea of *res judicata*. Evidence was taken and upon submission the court dismissed the petition, but set aside the original sale and ordered a resale of the land described in the corrected judgment, and complaining of that action of the court plaintiff prosecutes this appeal.

Passing by what may be termed irregularity in the proceedings from beginning to end, including the insti-

tution of the present action, and determining the questions raised on the merits, we find that plaintiff relies on what she claims to be a lost deed executed by Lyon, her father, to herself and husband on October 17, 1916, to a tract of land containing something like 200 acres, 50 acres of which was conveyed, as she claims, to herself and husband jointly, and for which they executed the note with a lien upon that 50 acres to secure its payment; while in the same deed, according to her contention, the remaining portion of the whole tract was conveyed to her individually in consideration of her relinquishing her claim upon another tract of land verbally given to her by her father, and for which she had received no deed from him. After the judgment for the sale of the land was corrected, as hereinbefore stated, and on April 26, 1921, Lyon executed a deed of the same tenor as the alleged lost one and a copy of it is filed with the petition herein as sustaining plaintiff's claim.

Under the proof, we seriously doubt if the deed from Lyons to the Hensleys, as originally made, was as is now contended, since such contention was never relied on in the case in which the judgment was obtained, notwithstanding that case was bitterly fought by the Hensleys, who were defendants therein, one branch of it coming to this court and was decided against them in the case of Lynchburg Shoe Company v. Clarence and Mary Hensley, 186 Ky. 769. So that, the matters now relied on in this case seem to be an afterthought resorted to after all other efforts to defeat the judgment in the original case had failed. In addition, it is shown by the evidence in this case that the 50 acres, which plaintiff claims was the only part of the tract in lien to secure the note, was worth at the time of the purchase not exceeding $100.00, when the note as originally executed was for $500.00, with $50.00 cash paid at the time, making the total consideration of the land for which the note was executed in part payment, the sum of $550.00. But apart from that, plaintiff had a hearing upon the issue she now seeks to litigate upon the occasion of the hearing of the motion to correct the judgment under which the land was sold. If she was dissatisfied with that correction because there was more land ordered to be sold than was proper, she could have appealed therefrom. At that hearing oral testimony was heard, as appears from the record, and

either she and her husband or at least one of them appeared as a witness; none of that testimony is before us, and it will be presumed that it was sufficient to authorize the correction made by the court and if plaintiff was dissatisfied with it she should have appealed therefrom. Not having done so, the question is now *res judicata* as to her.

The judgment so held and it is affirmed.