## COLE BANKING CO. v. SINCLAIR et al.

No. 1915.   Decided November 19, 1908 (98 Pac. 411).

1. BILLS AND NOTES—ACTIONS—BURDEN OF PROOF—HOLDING IN DUE COURSE. Comp. Laws, 1907, sec. 1611, provides every holder of a negotiable instrument is prima facie a holder in due course; but, when the title of any one negotiating the instrument is shown to be defective, the burden is on the holder to prove title acquired in due course. Section 1607 makes the title of one negotiating the instrument defective when he obtained it by fraud, etc., or other unlawful means. By section 1609 a holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available between the parties themselves, and may recover the full amount of the instrument from all parties liable thereon, and by section 1576 it is presumed that every negotiable instrument was issued for a valuable consideration. *Held*, that a partial failure of consideration as between the parties to a negotiable note was not a defect in title, so as to require an indorsee suing thereon to show himself a holder in due course; the burden of showing want of consideration and notice thereof by the indorsee being upon the maker.

2. BILLS AND NOTES—ACTIONS—RIGHT OF ACTION—GROUNDS. There being no evidence that the indorsee had notice of a failure of consideration between the parties, he was entitled, under the statutes, to recover on the instrument as a holder in due course without notice.

3. APPEAL AND ERROR—REVIEW—QUESTIONS CONSIDERED—QUESTIONS UNNECESSARY TO DECISION. Where, in an action by the indorsee of a note against the maker, the statutory presumption that plaintiff was a holder· in due course, being unrebutted, was alone sufficient to warrant a finding that he was such holder, the competency of other evidence offered by him to show a holding in due course need not be determined on defendant's appeal.

APPEAL from District Court, Third District; T. D. Lewis, Judge.

Action by the Cole Banking Company against C. G. Sinclair and another. From a judgment for plaintiff, one of defendants appealed.

AFFIRMED.

*J. E. Darmer* and *S. P. Armstrong* for appellant.

*E. A. Walton* for respondent.

STRAUP, J.

This action was brought to recover money alleged to be due on a promissory note. It was alleged in the complaint that the defendant Hensel executed and delivered the note to the defendant Sinclair; that, before maturity, Sinclair indorsed and delivered the note to plaintiff, guaranteeing the payment thereof; and that payment was demanded of the defendants which they failed and refused to make. The defendant Hensel answered admitting the execution and delivery of the note, and further alleged that he executed it in payment of premiums on a life insurance policy delivered to him by Sinclair as the agent of the insurance company issuing the policy, and upon the further consideration that Sinclair promised him "that the company would require his services [those of a physician] in the examination of applicants for insurance, and that it would furnish him with a sufficient amount of such business to reimburse him for the premiums which he might pay on the policy; that afterwards this defendant and said Sinclair learned that said company did not have the business as promised, and canceled said policy of insurance, and same was delivered back to said Sinclair as agent of said company, and that said note should have been delivered up and canceled;" that plaintiff paid no consideration for the note, but took it for collection only, and that it was not purchased nor held by it in good faith. In its reply the plaintiff denied that the note was only received by it for collection, and averred that it was purchased by it before maturity and in good faith, and for a valuable consideration. The case was tried to the court, who found the note negotiable, and that the plaintiff before maturity, in due course of business, purchased it from Sinclair, who indorsed and delivered it to plaintiff in good faith and for a valuable consideration, and without notice of any equities or defenses thereto. Judgment

was thereupon entered in favor of plaintiff, from which the defendant Hensel has prosecuted this appeal.

He insists (1) that there is not sufficient evidence to support the finding that the plaintiff purchased the note before maturity in good faith for a valuable consideration and without notice of the defense pleaded by him, and that the burden of proving such facts was upon the plaintiff; and (2) that the evidence which was introduced by plaintiff in support of such facts was incompetent and erroneously admitted over the defendant's objections.

By section 1604, Comp. Laws 1907, "a holder in due course" is defined. Section 1611 provides that

"Every holder is deemed *prima facie* to be a holder in due course; but, when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title in due course."

By section 1607 it is provided that

"The title of a person who negotiates an instrument is defective within the meaning of this title when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

By section 1609 that

"A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

The defense pleaded was not illegal, but mere partial failure of consideration. Failure or want of consideration does not constitute a defective title within the meaning of the foregoing provisions. (1 Daniels, Neg. Inst. sections 814, 817.) In the treatise of Eaton & Gilbert on Commercial Paper and the Negotiable Instruments Law, at section 79, in discussing the statutory provision corresponding to section 1611 of our statute, it is said by the authors:

"In the absence of proof of fraud or misappropriation, the presumption is that the indorsee of a negotiable bill or note is a *bona fide* holder for value, and this presumption is not repelled merely by proof that the bill or note, as between the immediate parties, was without consideration, and was made, indorsed, or accepted by one for the sole accommodation of the other. When no other proof is given, the holder is not bound to prove a valuable consideration. . . . It will be noticed that the statute provides that proof of a defective title shifts the burden of proof upon the holder. A title is defective where the instrument is obtained for an illegal consideration. It follows, therefore, that if the consideration be shown to be illegal, as for a gambling debt, an unlawful sale of commodities, or as being tainted with usury, the burden of proof will then rest upon the plaintiff to show that he was a holder in due course; but proof of a want or failure of consideration does not in most jurisdictions operate to shift the burden of proof to the plaintiff."

Cases are cited by the authors to the effect that the indorsee, in an action by him against the maker, cannot be called on to prove consideration until the defendant has shown that the note was obtained or put in circulation by fraud or undue means, and that proof of want or failure of consideration between a maker and a payee of a promissory note does not change the presumption that one to whom the latter has indorsed and delivered the note is a *bona fide* holder for value, but the burden of proof is upon the maker.

No facts are pleaded showing that "the instrument, or any signature thereto," was obtained "by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration," or that the note was negotiated "in breach of faith, or under such circumstances as amount to a fraud." From plaintiff's possession as indorsee and production of the note the statute deemed it *prima facie* to be a holder in due course. By other provisions of the statute (section 1576), it is also presumed that every negotiable instrument was issued for a valuable consideration, and that every person whose signature appears thereon became a party thereto for value. The question of defective title was not an issue raised in the case, nor was any evidence introduced in support of such an issue. The evidence introduced by way of defense was merely in respect of failure of consideration. As to such matter the

burden was upon the defendant to establish it, and to show notice to the plaintiff. While the defendant gave .evidence tending to establish the facts alleged in his answer with respect to the alleged promise made to him by Sinclair, he gave no evidence that the plaintiff, prior to the purchase of the note, had notice thereof.

Having reached this conclusion, it is wholly unnecessary to consider the assignment with respect to the question of the competency of other evidence which was introduced by the plaintiff for the purpose of showing that it was a holder in due course, and that it purchased the note in good faith for value, and without notice of the defendant's alleged defense. The provisions of the statute that every negotiable instrument is deemed *prima facie* to have been issued for ·a valuable consideration, and every person whose signature appears thereon to have become a party thereto for value, and every holder deemed *prima facie* to be a holder in due course (except when shown that the title of any person who negotiated the instrument was defective, which was not alleged nor shown), were alone sufficient to authorize the findings made by the court on these matters.

The judgment of the court below is therefore affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.