353 P.2d 168

**CONTINENTAL BANK & TRUST CO., Plaintiff and Respondent,**

v.

**Charles CUNNINGHAM and Winford Bunce, Defendants and Appellants.**

No. 9138.

Supreme Court of Utah.

June 9, 1960.

Harry E. Snow, Moab, Maxwell Bentley, Salt Lake City, for appellants.

Albert J. Colton and Kent Shearer (of Fabian & Clendenin), Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from summary judgment dismissing defendants' counterclaim. Affirmed. Costs to plaintiff.

Plaintiff sued on a note secured by a second mortgage, executed to obtain funds to improve defendants' motel property. The motel was encumbered by a first mortgage held by another bank.

The counterclaim historized financial difficulties incident to operation of the motel, and as to defendants' inability to collect from their vendees on a time contract. The contract contained a provision to clear off encumbrances. The pleading then concluded that on January 8, 1958, plaintiff "entered into a fraudulent and corrupt conspiracy agreement" with one Hancock, where an assignment of the note and mortgage was made so that Hancock could redeem the motel and preclude defendants from receiving the money coming to them from the purchasers. Use of discovery procedure under the rules demonstrated that such conclusion was not borne out in fact.

■ Facts developed indicated that the first mortgage had been foreclosed and that the note held by plaintiff was past due. On the last day to redeem, January 8, 1958, Hancock, stranger to plaintiff bank, represented that he wanted to redeem the property. He offered his personal note payable on January 20, for the amount due plaintiff, in exchange for an assignment by the latter of its note and mortgage. The bargain was consummated, the bank retaining the note and mortgage but delivering the written assignment to Hancock,[1] with the understanding that if Hancock were unsuccessful in redeeming the property, a reversal exchange of the instruments would be effected. Hancock's plan did not materialize. On January 31, 1958, defendants offered to pay off the note and mortgage, because the first mortgagee had given them a chance for a limited time beyond the redemption period to retrieve the motel, by paying the then extinguished first mortgage debt, and conditioned on elimination of the second mortgage note, but were advised of the previous assignment to Hancock. After defendants made their offer to pay on January 31, no renewal thereof was ever made. Plaintiff finally recovered the note from Hancock and returned his to him.

■ It seems that instead of being a defrauder or conspirator, plaintiff used good business sense by peddling what appeared to be a worthless note and collateral in an eleventh hour chance to recoup a probable

1. Defendants' argument that there was no negotiation of the note in accordance with the provisions of Title 44, Utah Code Annotated, 1953, may be true, but that would not prevent a legally effective transfer of rights under the note and mortgage by a separate instrument in writing.

loss by exchanging its paper for a note that may have prevented such loss.

 That the counterclaim's allegations were inconsistent with the facts developed under the discovery process did not impel a finding that there was a fact issue that must have been presented to an arbiter of the facts. Under Rule 56(c), Utah Rules of Civil Procedure, having to do with summary judgment, the facts pleaded in the counterclaim created a situation something akin to a presumption that disappears on production of indisputable or admitted antithetical facts. The rule permits an excursion beyond the pleading. If facts discovered in the journey irrefutably disprove facts pleaded, summary judgment is appropriate on motion therefor. The rule has been interpreted more articulately by eminent authorities on the subject[2] who suggest that the rule permits us to pierce the pleading, resulting in a summary judgment, if an examination of facts developed under the discovery procedure, by affidavit, deposition, admission and the like, makes it appear that no genuine issue of fact is presentable. To travel beyond that point would be a waste of time, energy and cost. The rule designedly seeks to eliminate protraction, absent issues of fact, expediting litigation in an area where possible congested calendars point up the truism that justice delayed is justice denied.

WADE, McDONOUGH, and CALLISTER, JJ., concur.

CROCKETT, Chief Justice (concurring specially).

I am not impressed with the contention that plaintiff bank engaged in chicanery in making the assignment to Hancock with an ulterior purpose of cheating the defendants. It could engage in such a transaction to protect its own interests. It is to be kept in mind that the redemption period on the foreclosure of the first mortgage by First Security Bank had expired on January 8, 1958. Plaintiff Continental Bank's security on its second mortgage was in hazard and its arrangement with Hancock appears to have been in an effort to save itself from a loss.

The sole question that gives me concern is whether, irrespective of the assignment to Hancock, the Continental Bank was obliged to accept the payment of their debt the defendants claim they tendered on January 31, 1958. In that connection I think it important to note the defendants had prior notice of the assignment to Hancock; and further, that when the tender was made Continental reminded the defendants of this and advised them to get in touch with Hancock. There is no indication that they did so; nor that they tendered the debt to Hancock, nor renewed it

---

2. 3 Barron & Holtzoff, Fed.Prac. & Proc., Sec. 1231, p. 96 et seq.; 6 Moore, Fed.Prac. Par. 56.04(1) pp. 2028–30.

to Continental. Nor is it made to appear that they ever redeemed, or were actually in a position to redeem, the property from the mortgage foreclosure by First Security. For these reasons, I concur in the summary judgment in favor of the plaintiff and dismissing the defendants' counterclaim.