377 P.2d 1010

Josephine H. CHRISTENSEN, as guardian ad litem for and in behalf of Joseph Christensen, a/k/a Joseph Norman Christensen, Plaintiff and Respondent,

v.

FINANCIAL SERVICE CO., Inc., Defendant and Appellant.

No. 9649.

Supreme Court of Utah.

Jan. 25, 1963.

Lorin J. Broadbent, Salt Lake City, for appellant.

Preston & Preston, Logan, for respondent.

CROCKETT, Justice.

Plaintiff, Joseph Christensen, a minor, by guardian ad litem, recovered judgment against the defendant, Financial Service Co., Inc. for $7,133.42, the balance on a promissory note, plus attorney's fees. Defendant appeals.

The note, dated July 18, 1960, was made payable to the plaintiff and was given as a result of the dealings of Joseph's father,

Norman Christensen, with the defendant corporation. It was signed by Richard Willets, president, and Elmer Erickson, vice-president, pursuant to a resolution of defendant's board of directors.

The defendant was organized in 1958 with Norman Christensen as principal stockholder, president and a director. He received 5,000 shares of $10.00 par stock in exchange for the assets of Associated Enterprises, Inc., of which he had been the main entrepreneur and claimed to be the beneficial owner. The corporate articles recite that this consideration had a fair cash value of $50,000. The same persons who are now defending this action as corporate officers were incorporators and signed the articles.

Prior to disassociating with defendant corporation in 1960, Norman Christensen sold the greater portion of his personal stock. Part of the proceeds was paid into the corporation and comingled with its operational funds. They were credited to a "trust" account for Norman Christensen, to which was also credited other amounts due him from the corporation, including such items as salary, brokerage and dividends; and this account was debited for any sums withdrawn for his personal use or other charges against him.

In June of 1960, it was decided that Norman Christensen should cease active management and step aside as president. On June 18 the board of directors, with Mr. Christensen still participating as an active member, voted to close out the "trust fund," which showed a balance of $12,025. In accordance with this resolution the trust fund was debited for its full amount and in exchange Mr. Christensen received: 1) a Chevrolet car valued at $2,000; 2) an electric typewriter valued at $320.00; 3) a note made payable to Norman Christensen in the amount of $2,205; and 4) a promissory note for the balance of $7,500, payable at $150 per month with interest at 6%, which is the subject of this suit. At the request of Norman Christensen it was made payable to his son, the plaintiff, Joseph Christensen.

The defendant made several monthly payments on the note totaling $453.47 and then attempted to repudiate it on the ground of failure of consideration, claiming:

a. That the assets of Norman Christensen's business, Associated Enterprises, Inc., had been greatly overvalued at the time that business was turned over to defendant corporation; and that since he had thus not given adequate consideration for his stock, the proceeds from its sale rightly belonged to the corporation; and

b. That the portion of the "trust fund" which purportedly represented dividends was an invalid book entry because no such dividends were due and payable to him.

Defendant also argues that even if the original consideration were determined to be sufficient, it nevertheless has provable offsets against Norman Christensen to more than equal the amount of the note.

We first direct attention to defendant's charge that the court erred in denying its motion for summary judgment. It claims entitlement thereto because its motion was supported by affidavits and exhibits, whereas, no counteraffidavits were filed by the plaintiff. This contention is not sound. Under Rule 56(c) U.R.C.P., "The adverse party prior to the day of hearing *may* serve opposing affidavits," (emphasis added) but is not required to do so. He may stand upon his pleadings providing his allegations, if proved, would establish a basis for recovery.

Summary judgment can properly be granted under Rule 56(c) only if "the pleadings, depositions, and admission on file, together with the affidavits, if any," which are offered, show without dispute that the party is entitled to prevail. This condition is obviously not met if the allegations of the plaintiff's complaint stand in opposition to the averments of the affidavits so that there are controverted issues of fact, the determination of which is necessary to settle the rights of the parties. The trial judge correctly ruled that there were such issues of fact here. The cases relied upon by the defendant are distinguishable, since an admittedly different situation exists where the averments in the affidavits or facts shown by depositions and/or exhibits would indisputably resolve the material facts.[1]

We need not concern ourselves with the imbroglio of the corporation over its dealings with Norman Christensen because, as will appear below, the trial court's judgment in favor of the plaintiff is sustained on other grounds. However, we observe in passing that upon his consideration of the overall picture of such corporate affairs the court determined that Norman Christensen had sufficient values therein to constitute consideration for the note in question.

Under the facts found by the trial court, which find support in the evidence, Joseph was a holder of the note in due course. Consequently, neither failure of consideration,[2] nor any offset which the defendant may have against Norman Christensen is available as a defense against Joseph.[3] We so declare notwithstanding the authorities relied upon by the defendant in contending that Joseph as payee cannot be a holder in due course. Upon the basis of

1. Dupler v. Yates, 10 Utah 2d 251, 351 P.2d 624; Continental Bank & Trust Co. v. Cunningham, 10 Utah 2d 329, 353 P.2d 168.

2. Sec. 44-1-58, U.C.A. (1953); McCornick v. Swem, 36 Utah 6, 102 P. 626.

3. Karren v. Bair, 63 Utah 344, 225 P. 1094; Flores v. Woodspecialties, Inc., 138 Cal. App.2d 763, 292 P.2d 626.

our examination of the authorities, we are persuaded that, although there is admittedly division on the question, the majority and better view is that a payee may be a holder in due course, at least where he is not a party to the transaction, if he otherwise qualifies.[4]

A well-reasoned case supporting this view is Flores v. Woodspecialties.[5] The defendant Woodspecialties gave its check to the El Paso National Bank, as payee, to discharge a debt Woodspecialties owed to a third party, Exportadora Ponderosa, for wood moldings the latter had delivered to Woodspecialties. The bank turned the check over to the plaintiff Flores, who sued to collect because the maker, Woodspecialties, stopped payment on it. It was held that the bank was a holder in due course even though it was payee and the consideration it gave went to a third party; and as transferee from the bank, Flores could recover. The court said:

"There seems to be no sound reason to hold that the Bank here should not be held to be a holder in due course. It is as much an innocent purchaser for value as it would have been had defendant delivered the check to Exportadora and it had immediately endorsed and delivered the check to the Bank." .

■ By analogy: inasmuch as the court found that Joseph Christensen knew nothing about the dealings between his father and the defendant corporation; and he was not a party to the transaction which produced this note, his rights are no different as payee of the note than they would have been had his father, Norman Christensen, obtained the note payable to himself and endorsed it over to Joseph.[6]

We see no validity in the defendant's argument that in these dealings Norman Christensen was acting as agent for his son, and that, therefore, knowledge of insufficiency of consideration would be imputed to Joseph. The dealings with the corporation pertained to Norman Christensen, and it is obvious that their purpose was to dispose of that which belonged to him and not to his son, Joseph. The mere fact that he desired and arranged that Joseph become the beneficiary of the note does not constitute him an agent for Joseph in the transaction.

■ Defendant urged further that Joseph cannot be considered a holder in due

---

4. Flores v. Woodspecialties, Inc., supra, and authorities cited therein. 10 C.J.S. Bills and Notes § 305.

5. Footnote 3, supra.

6. See 36 Yale L.J. 608, Aigler, payees as holders in due course, at p. 625: "That under the N.I.L. the door is not closed to considering a payee in an appropriate case as a holder in due course seems without doubt, particularly when the statute is read, as it must be, in light of the fact that it purports, generally speaking, to be only a codification of existing law."

course because, it claims, he proved neither a valid delivery, nor that he gave value for the note.

The argument as to nondelivery is based upon the failure to show a delivery to Joseph by the company. This contention also fails. The evidence is that Norman Christensen delivered the note to Joseph. The court's finding of delivery is supported by Sec. 44–1–17, U.C.A. 1953:

"* * * But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

Defendant's averment that Joseph did not give value for the note appears to result from a misapprehension. Its evidence was calculated to show that he did not give value to the defendant corporation. It is not essential that he did so. No evidence was adduced to show that Joseph did not give value to his father, Norman Christensen. Section 44–1–60 provides that every holder is deemed prima facie to be a holder in due course,[7] except where the title of his trans-

feror is shown to be defective. A failure of consideration, even if there had been such, does not constitute a defective title within the meaning of that provision.[8] The question of defective title is dealt with in Sec. 44–1–56, which states:

"The title of a person who negotiates an instrument is defective within the meaning of this title when he obtained the instrument, or any signature thereto, by fraud or duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to a fraud."

The court expressly found that there was no fraud involved in the transaction between Norman Christensen and the corporation. Therefore, there is no basis for concluding that Norman Christensen's title to the note was defective.

Upon the basis of the foregoing discussion it is our conclusion that as a holder in due course the plaintiff, Joseph Christensen, is entitled to enforce the note in question.

Affirmed. Costs to plaintiff (respondent).

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.

---

7. See: Cole Banking Co. v. Sinclair, 34 Utah 454, 98 P. 411; Karren v. Bair, supra, note 3.

8. Cole Banking Co. v. Sinclair, supra.